WILLIAM GLENN and HIRAM TORREY, Plaintiffs in Error, *v.* THE PEOPLE, Defendant in Error.

### ERROR TO MARION.

In a prosecution under the act to prevent the immigration of free negroes into this State, it is erroneous to instruct the jury to disregard the statements of the negro, if such were contradictory of his acts, as to his intention to be a resident; both should be considered, giving such weight to each as they might deserve.

The affidavit for an arrest under this statute, should aver that the negro has come into the State within the time prohibited; and he has a right to demand the nature and cause of the accusation against him, and if this does not show an offence against the law he should be discharged.

THIS cause was heard before BAUGH, Judge, at April term, 1855, of the Marion Circuit Court.

The facts are stated in the opinion of the court.

HOUTS and HAMILTON, and R. S. NELSON, for Plaintiffs in Error.

J. S. ROBINSON, District Attorney, for The People.

SKINNER, J.    William Glenn, a negro, on the 31st day of January, 1855, was arrested under the third section of an act entitled, "an act to prevent the immigration of free negroes into this State," approved February 12, 1853.

He was tried before a justice of the peace of Marion county, found guilty and fined $50.

Glenn appealed to the Circuit Court, and H. Torrey became his security in the appeal bond. In the Circuit Court, Glenn appeared and moved to dismiss the prosecution; the motion was overruled, a trial by jury was had, a verdict of guilty re-

turned, and judgment rendered against Glenn and Torrey, his security, for $50.

From this judgment Torrey appealed to this court, and assigns for error the refusal of the court to dismiss the prosecution, and the giving of instructions on the part of the plaintiffs. The instructions complained of, are as follows: "That if the acts and conduct of the negro were contradictory to his statements as to his intention of remaining here, then the jury should disregard his statements made to witnesses, and find the defendant guilty, if the other material allegations are proved."

"That it is not necessary for the prosecution to prove how long the negro intended to remain here, if he did remain here more than ten days, and it was evident from his acts and conduct that he intended to remain longer, then the jury should find him guilty."

The court erred in giving these instructions. The affidavit, which is the foundation of this proceeding, charges: "that William Glenn, a negro, is now remaining in the town of Salem, where he has been so residing more than ten days, with the evident intention of residing in this State."

The first instruction directs the jury to disregard the statements of the negro, if his statements and acts were contradictory. These statements and acts were detailed by the witnesses in connection, as evidence of his intention to reside in this State, and with his acts, were the *res gestæ* of the inquiry. They should have been taken and considered together by the jury in determining upon the question, attaching such weight to any of them as to the jury, upon consideration of the whole evidence, they seemed to deserve.

The last clause of the instruction is equally objectionable. The "material allegations" must be understood as referring to the charge in the affidavit. This charge amounts to no offence in law. The offence consists in "coming into this State and remaining ten days, with the evident intention of residing in the same." The affidavit does not allege that the negro *came* into this State, and for aught that appears, he may have resided in this State at the time of the passage of the act of 1853, or have been born in this State.

The second instruction is based upon the supposition that the offence consists in remaining in the State more than ten days, with the intention of remaining longer, and is erroneous for the reason before stated.

The Circuit Court should have dismissed the prosecution for want of an affidavit charging an offence under the law. In this, as in all other criminal prosecutions, the negro had a right " to demand the nature and cause of the accusation against him,"

and, if the accusation did not amount to an offence against the public law, and no sufficient charge was made by amendment, he was entitled to be discharged from the prosecution.

*Judgment reversed.*