## HERMAN BIRR

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 15, 1885.*

1. SELLING INTOXICATING LIQUORS TO MINOR—*of the burden of proof to show authority for so doing.* The People, in a prosecution under section 6 of the Dram-shop act, for unlawfully selling intoxicating liquors to a minor, without the consent of his parent, guardian or family physician, make out a *prima facie* case by showing a sale of intoxicating liquors to the party specified in the indictment or complaint, and that such party is a minor; and then the burden is thrown upon the accused to show that the sale or sales proven were made upon the written order of the parent, guardian or family physician of the minor.

2. SAME—*of a gift, as distinguished from a sale—variance.* Under a complaint charging the defendant with the offence of selling intoxicating liquors to a minor without the proper authority, proof of a gift of such liquors to the minor will not authorize a conviction. Proof that the minor, within eighteen months prior, drank such liquor in the defendant's saloon, in connection with others, without showing who paid for the same, is insufficient.

3. SAME—*of an instruction in respect to a written order—although erroneous, worked no injury.* On the trial of a dram-shop keeper for selling intoxicating liquors to a minor, when such sale is proved, and no written order is shown justifying the act, the defendant can not insist on an instruction submitting the question whether such sale was without the written order of the parent, etc., of the minor; and an error in an instruction for the prosecution, making the defendant liable for a sale "without the written consent of his (the minor's) parents," instead of "the written order of his parent, guardian or family physician," there being no evidence of any written order from any one, is harmless, and can work no injury. In such case the qualification might properly be wholly omitted.

4. CROSS-EXAMINATION—*latitude allowed—discretion in trial court.* Where there is evidence tending to show there had been some difficulty between the defendant in a criminal case and the prosecuting witness, there should be no abridgment of the right of cross-examination of such witness, but rather an extension of it. But this court will not interfere with the exercise of the discretion of the trial court in that regard, except for such an abuse of discretion as may have materially affected the result reached.

5. INSTRUCTION—*must be based on evidence.* An instruction which is not based upon evidence, should not be given; and the same rule applies to a modification or qualification of an instruction.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kankakee county.

Messrs. RUBENS, McGAFFEY & AMES, for the plaintiff in error.

Mr. GEORGE HUNT, Attorney General, for the People.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is a writ of error to the Appellate Court for the Second District, affirming a judgment of the circuit court of Kankakee county, for the sum of $60, recovered by the People of the State of Illinois, against Herman Birr, for an alleged unlawful selling of intoxicating liquors to Ernest Kemnitz, a minor, "without the written order of his parent, guardian or family physician." The questions presented for determination arise upon the rulings of the trial court in respect to the evidence and the giving of instructions.

Ernest Kemnitz, the minor, was the principal witness in the case on behalf of the People, and it is first objected that the right of cross-examination was unduly restricted. There was evidence tending to show there had been some difficulty between the defendant and the prosecuting witness, and in view of this fact there should have been no abridgment of this right, but rather an extension of it. While, under the circumstances, we regard the complaint of plaintiff in error in this respect not without foundation, yet the examination of witnesses is a matter resting so largely in the discretion of the trial court, we are not inclined to interpose, except where there has been such an abuse of it as may have materially affected the result reached. We do not think that such is the case here.

The ruling of the court in giving the first and sixth instructions on behalf of the People, presents the most serious question involved in the case. The first is as follows:

"That if you believe, from the evidence, beyond a reasonable doubt, the defendant, or his wife, acting as a bar-tender for him, sold intoxicating liquor to Ernest Kemnitz, without the written consent of his parents, then you should find the defendant guilty of as many offences as you believe there were sales of intoxicating liquor, and on the question of sales it makes no difference whether Kemnitz paid for himself, or others may have purchased intoxicating liquor there."

This instruction manifestly does not follow the language of the statute. The offence with which the defendant is charged in this case is the selling (not giving away) of intoxicating liquors to Ernest Kemnitz, a minor, "*without the written order of his parent, guardian or family physician.*" The instruction, it will be perceived, does not follow the language of the statute, or its substance, scarcely in any respect. Yet, if we except the latter part of it, which relates to sales made by others, we do not think there is anything in it of which the defendant has a right to complain, or that, under the facts proven, could have injured him. While it is conceded there is a conflict of authority on the question, yet we are of opinion the logic of our own decisions requires us to hold, as we do, that the People, in a prosecution under the sixth section of the Dram-shop act, for unlawfully selling intoxicating liquors to a minor, "without the consent of his parent, guardian or family physician," make out a *prima facie* case by showing a sale of intoxicating liquors to the party specified in the indictment or complaint, and that such party was a minor at the time of the sale; that when such *prima facie* case is made out, the burthen is then shifted upon the accused to show that the sale or sales proven were made upon the written order of the parent, guardian or family physician of the minor. (*Metzker* v. *The People*, 14 Ill. 101; *Harbaugh* v. *City of Monmouth*, 74 id. 371; *Noecker* v. *The People*, 91 id. 468.) In this case there is no evidence whatever tending to show

that the alleged sales were made upon the order of any one, or that Ernest Kemnitz had a guardian other than his father, his natural guardian. Nor is there any evidence in the record tending to show that there is or was any one *in esse* answering the description of family physician. In short, there was no proof before the court upon which to base the qualification which it is insisted should have been added to the instruction, and if any such evidence existed, it is the fault of the accused that it was not produced, and not of the People. Under the evidence, the court might well have told the jury that if they believed, from the evidence, beyond a reasonable doubt, that defendant, within eighteen months next before the commencement of the prosecution, sold intoxicating liquors to Ernest Kemnitz, and that at the time of such sale the latter was a minor, they should find the defendant guilty, etc. It is a familiar principle there must be evidence upon which to base an instruction, otherwise it should not be given. The same principle applies to modifications of instructions, when insisted on, to bring them within some special or general rule. In such case there must be evidence upon which to base the modification, otherwise it should not be made.

The objection to this instruction that the word "parents," instead of "parent," is used, is, for reasons already stated, without force. If the facts were such as to require an instruction of this kind to be limited so as to conform to the statute, it might be a serious question whether the expression, "*without the written consent,*" etc., is an equivalent for the words of the statute, "*without the written order.*" But under the evidence, as we have already seen, this question is of no importance.

There is, however, as already intimated, a fatal objection to this instruction. The statement in the latter part of it, in reference to sales of liquor, to the effect that "it makes no difference whether Kemnitz paid for himself, or others may have purchased intoxicating liquors there," is not warranted

by the construction already placed upon that provision of the statute. (*Sieyel* v. *The People,* 106 Ill. 89. See, to the same effect, *Goddard* .v. *Burnham,* 120 Mass. 578.) The sixth instruction given on behalf of the People is equally objectionable in this respect, and is much more clear and specific in its statement. In referring to the sales charged, it is stated "it makes no difference who called for it, (the liquor,) or who paid for it." In the view taken by the court, all that was necessary to make out a case against the defendant was to show that he was present and drank a portion of the liquor purchased, whether he purchased it or not. At any rate, if this was not the view of the court, the instructions were so drawn as to mislead the jury upon that subject. The entire instruction is as follows :

"The prosecution are not obliged to prove the exact time when liquor is sold, in such a case as this, if it is proven, at any time within eighteen months prior to the commencement of the prosecution, beyond a reasonable doubt, that at different times within that time the boy, Ernest Kemnitz, got intoxicating liquor of Birr, the defendant, at his saloon, whether the same was paid for by himself or not. It makes no difference who called for it or paid for it."

By it the jury are also told that it is sufficient to make out the case, to show that Kemnitz *got* intoxicating liquor at the defendant's saloon at any time within the Statute of Limitations, "whether the same was paid for by himself or not." The court probably proceeded upon the theory that inasmuch as the giving of liquor to a minor is as much of an offence, under the statute, as the selling of it to him, it made no difference whether the proofs showed a sale or a gift. But the answer to this is, that the defendant was not charged with the giving of liquor to a minor. The charge against him was for selling, only. The selling is one offence, and the giving of it is another, and so it has been expressly decided. (*Whcke*

v. *The People,* 14 Bradw. 447.) While the evidence clearly shows the minor drank intoxicating liquor at the defendant's saloon, as often or oftener than three times, the proof of *sales* to him was not so satisfactory. It was important, therefore, that the instructions should have properly distinguished between sales and mere gifts of liquor. This the sixth instruction did not do.

For the errors indicated, the judgment of the Appellate Court will be reversed, and the cause remanded, with directions to that court to reverse the judgment of the circuit court, and remand the cause for further proceedings in conformity with this opinion.

*Judgment reversed.*