THE STATE OF MISSOURI, Defendant in Error, v. J. K. CHIPP, Plaintiff in Error.

**Kansas City Court of Appeals, November 5, 1906.**

1. **DRUGGISTS: Dealer in Drugs: Pharmacist.** Druggist and dealer in drugs are synonymous terms, but pharmacist has an entirely different meaning from either; and one may be a druggist or a dealer in drugs without being or having a pharmacist in his employ.

2. **SELLING LIQUOR: Druggist: Pharmacist.** Section 3051, Revised Statutes 1899, is to prevent the drinking of liquor at or about drugstores and it is immaterial whether the druggist has a pharmacist in his employ or not, he is liable for suffering intoxicating liquor to be drunk at or about his store.

3. ———: ———: **Instructions.** It is not error in the prosecution of a druggist for suffering liquor to be drunk at or about his store to modify an instruction asked by him by changing the word "consented" to the word "suffered."

Error to Harrison Circuit Court.—*Hon. Paris C. Stepp,* Judge.

AFFIRMED.

*J. C. Wilson* and *J. M. Sallee* for plaintiff in error.

(1) The defendant having entered a plea of not guilty put in issue every fact which was required to prove to make out its case. The burden is on the state to prove that the defendant was a registered pharmacist before he can be convicted under the act relating to druggists. In this case the defendant is indicted under chapter 23, R. S. 1899, entitled "Druggists and their License." and especially under section 3051 of said acts, any man suffering intoxicating liquors to be drunk at or about his place of business. By this statute a special class is intended, and in order to escape the burden of proving that the defendant was a registered pharmacist as provided in chapter 23, R. S. 1899, entitled, "Drug-

-gists and their License," he should have been indicted under section 8563, R. S. 1899, chapter 129, entitled "Merchants and their License." State v. Green, 27 Mo. App. 626; State v. Basket, 52 Mo. App. 389; State v. Carnahan, 63 Mo. App. 244; State v. Marchland, 25 Mo. App. 657; State v. Douglas, 48 Mo. App. 39; State v. Kampman, 81 Mo. App. 205; State v. Steel, 84 Mo. App. 316. In the case of State v. Green, the court says, defendant is indicted under the provisions of the acts of 1881, page 130, which says that a druggist is one that is registered as such. State v. Roller, 77 Mo. 120; State v. McAnally, 66 Mo. App. 329; State v. Alexander, 73 Mo. App. 605; State v. Williams, 69 Mo. App. 284; State v. Basket, 52 Mo. App. 392. (2) It is the duty of the court to submit to the jury every essential fact necessary to constitute an offense. State v. McCormack, 104 Mo. 40; State v. Gibson, 111 Mo. 99; State v. Campbell, 108 Mo. 614; State v. Heinze, 66 Mo. App. 135; State v. Clark, 18 Mo. App. 531; State v. Gullette, 121 Mo. 457; State v. Forsythe, 89 Mo. 667. (3) An indictment against a defendant for permitting liquors to be drunk at, or about his place of business, which charges him with being then and there a dealer in drugs and medicines, is sufficient under chapter 23, Revised Statutes, 1899; entitled "Druggists and their Licenses," which statue is leveled against druggists, proprietors of drugstores and pharmacists, and for this reason the judgment should be arrested and the defendant discharged. State v. Basket, 52 Mo. App. 392; State v. Greene, 27 Mo. App. 627; State v. Ryan, 30 Mo. App. 159; Knox City v. Whittaker, 87 Mo. App. 472, and authorities there cited.

*S. P. Davisson,* Prosecuting Attorney, for defendant in error.

(1) This law singles out two classes: (a) Any druggist who shall suffer, etc. (b) Any dealer in

drugs and medicines who shall suffer, etc. The Druggist Act of 1883, at which time the section that corresponds to section 3047, R. S. 1899, was enacted, had reference specifically to a druggist or pharmacist, but when the law was amended in 1889, section 4621, R. S. 1899, we find that the Legislature added to the term "druggist or pharmacist," the phrase "proprietor of a drugstore." This amendment, "proprietor of a drugstore," was no doubt put into this law for the very purpose of making the law more effective against men who sought various methods and devices by which the law might be evaded. Section 3051 was passed at the session of 1889, and no doubt the term "dealer in drugs and medicines" was put into the law for the purpose of including anyone who might attempt to make a drinking place out of his drugstore, even though he were not a registered pharmacist. (2) A dealer is not one who buys to keep or makes to sell, but one who buys to sell again. He stands intermediate between the purchaser and the consumer and depends for his profits not on the labor he bestows on his commodities but on the skill and foresight with which he watches the market. Norris v. Commonwealth, 3 Casey 496; New Orleans v. LeBlanc, 34 L. A. Ann. 597; Egan v. State, (Texas) 68 S. W. 273. Words and phrases judicially defined in vol. 2, p. 1859. (3) We must therefore look to section 3051 as the only remedy for the violation of the law, as charged in this indictment. The following cases: State v. Green, 27 Mo. App. 626; State v. Basket, 52 Mo. App. 389; State v. Garnhan, 63 Mo. App. 244; State v. Marchard, 25 Mo. App. 657; State v. Douglas, 48 Mo. App. 39; State v. Steele, 84 Mo. App. 316.

BROADDUS, P. J.—The defendant was indicted and convicted under section 3051 Revised Statutes 1899, for allowing alcoholic liquor to be drunk about his place of business. The evidence went to show that he was the

proprietor of a drugstore and dealt in drugs, but there was no evidence that he was a licensed druggist. The fact that he permitted liquor to be drunk at his store was amply proved. He brings his case here by writ of error and the evidence is all before this court.

The contention of the defendant is, that, as the State failed to prove that the defendant was a registered druggist, the offense was not proved and that he is entitled to his discharge. Section 3036, Revised Statutes 1899, provides: "It shall be unlawful for any person not registered, within the meaning of this chapter, to conduct any pharmacy, drugstore, apothecary shop or store, for the purpose of retailing, compounding or dispensing medicines or poison for medical use, except as hereinafter provided." Section 3037, *idem,* provides: "It shall be unlawful for the proprietor of a drugstore or pharmacy to allow any person, except a registered pharmacist, to compound or dispense the prescriptions of physicians, or to retail or dispense poisons for medical uses except as an aid to and under the supervision of a registered pharmacist." The further provision of the section is that a regular physician may be registered as a pharmacist upon the presentation of his diploma. Other sections of the statute provide for the qualifications and examination of pharmacists and their registration. Section 3051 *idem,* under which defendant was indicted, reads as follows: "Any druggist, or dealer in drugs and medicine, who shall suffer alcohol or intoxicating liquors to be drunk at or about his place of business, chall be deemed guilty of a misdemeanor, and upon conviction shall be punished by a fine not exceeding two hundred dollars, or by imprisonment in the county jail not exceeding six months."

It will be observed that the defendant is not designated as a druggist, but as a dealer in drugs. The State contends that a dealer in drugs need not be a druggist, while defendant contends that a dealer in drugs

and a druggist mean the same thing—that the terms are synonymous. For the purpose of the case, we will assume that defendant's contention is correct, of which we have no doubt. But the futility of defendant's argument is, that he confounds the term "pharmacist" with that of "druggist," and that there can be no druggist unless he is himself a registered pharmacist or has one in his employ. The statute in question does not undertake to say who is, or is not, a druggist. This statute was first enacted in 1881, prior to which, from time immemorial, there had been both druggists and pharmacists. It was enacted for the purpose of protecting the public against the danger attendant upon the compounding and dispensation of physicians' prescriptions and the selling and dispensation of poisons by ignorant and inexperienced pharmacists. Its purpose was one of regulation merely. It left the druggist as it found him except in two respects only: First, as such druggist, he was prohibited from compounding or dispensing the prescriptions of physicians; second, selling or dispensing poisons for medical use, unless he had in his employ such registered pharmacist or he was such himself.

The statute does not even prohibit him from selling poison; it is only when it is sold for medical use that he commits a violation of law. He can sell patent medicines and every kind of drug that in its nature is free from poison. We confess our limited ability to enumerate the almost countless number of things that go to made a complete drugstore; an experienced druggist alone might say how many there are. But common observation teaches that the duties of a pharmacist in most instances pertain to a small part of the business carried on by a druggist. We find no difficulty in arriving at the conclusion that an individual may be a druggist or a dealer in drugs without being or having in his employ a pharmacist. It is not the drugstore that is registered, only the pharmacist.

Section 3043, idem, is as follows: "Apothecaries, registered as herein provided, shall have the right to keep and sell, under such restrictions as herein provided, all medicines and poisons authorized by the National American or United States pharmacopoeia, as of regulated utility, except intoxicating liquors, which shall only be sold by druggists and pharmacists, as prescribed by section 3047, of this chapter." This section taken in connection with section 3037, supra, clearly indicates that the statute is solely aimed to guard the public against the ignorance and mistakes of incompetent pharmacists, or apothecaries, and to prevent the sale of intoxicating liquors except upon the prescription of a physician. And section 3051 is to prevent the drinking of such liquors at or about the drugstores.

Under the foregoing view, we hold that it was immaterial whether defendant was a registered pharmacist or had such in his employ if he was a dealer in drugs, he was liable for suffering intoxicating liquors to be drunk at or about his store.

The court refused to give one of defendant's instructions, wherein it required that the State show that the defendant *consented* to the drinking of the liquor at his premises and inserted in the place thereof the word *suffered*. This was not error. *Suffered* is the word used by the statute.

The court refused another instruction offered by defendant. But in that there was no error, as the same in substance was given.

Affirmed. All concur.