STATE OF MISSOURI, Respondent, v. JOE CLINK-
ENBEARD, Appellant.

Springfield Court of Appeals, February 28, 1910.

1. CRIMINAL LAW: Information: Surplusage: Druggists: Local Option Law: Sale of Intoxicating Liquors. Where the information charging a druggist. with the illegal sale of intoxicating liquors without a prescription also charges the adoption of the Local Option Law, but at the trial no evidence was introduced tending to show that the Local Option Law was in force in the county at the time of the alleged sale; *held* (under Revised Statutes 1899, section 2535), that so much of the information

as charged the adoption of the Local Option Law should be treated as surplusage; and the information, being otherwise good and stating an offense, should be upheld.

2. ———: Practice: Evidence: Leading Questions. The rule is well established that the asking of leading questions is a matter resting in the sound discretion of the trial court and, unless the abuse has been flagrant, it is no ground for the reversal of the judgment. This rule applies in a criminal case where the counsel for the State is permitted to ask leading questions of the State's witnesses. The appellate court will not presume that the trial court abused its discretion, in the absence of an affirmative showing.

3. ———: Druggists: Sale of Intoxicating Liquors: Evidence: Corpus Delicti. In a trial of defendant, a druggist, for the illegal sale of intoxicating liquors, the evidence showed that a man was seen to go in the front door of a drugstore empty-handed, and a few minutes afterwards was discovered coming out of the back door in a hurry, with a quart bottle of whisky in one hand and a quart bottle of gin in the other. *Held*, that the *corpus delicti* was sufficiently shown so as to justify the admission in evidence of defendant's statements and confessions concerning the sale of said liquor.

4. ———: Evidence: Circumstances: Corpus Delicti. The *corpus delicti* of the crime and the criminal agency of the defendant, even in cases of felonious homicide, may be shown by circumstantial evidence, provided it is sufficient to produce conviction in the minds of the jury beyond a reasonable doubt.

5. ———: Druggists: Sale of Intoxicating Liquors: Information. An information charging that a defendant, as a druggist, was guilty of selling intoxicating liquor without a prescription need not also charge that he had registered under chapter 23 of the Revised Statutes of 1899 as a druggist.

6. ———: ———: ———: ———. An information which charges that defendant, being a "druggist and the proprietor of a drugstore and a pharmacist," did illegally sell intoxicating liquors without a prescription does not charge several offenses, nor is it vulnerable to the objection of either duplicity or multifariousness. The terms "proprietor of a drugstore" and "pharmacist" are included in the general term "druggist," and only one offense is charged.

7. ———: ———: ———: Prescription: Evidence. Where defendant is charged with illegally selling intoxicating liquors as a druggist without a prescription, and a prescription is produced at the trial by the State but is not introduced in evidence by the defendant, and its offer in evidence by the State is objected

State v. Clinkenbeard.

to by the defendant; *held*, that the prescription was a defense which should have been offered by defendant, and that he cannot complain because the prescription was excluded by the court on his own objection.

8. ——: ——: ——: **Burden on Defendant to Produce Prescription.** Where a defendant charged with the illegal sale of intoxicating liquors as a druggist justifies under a prescription, it is incumbent on him not only to show that the prescription was a legal one, but also that it was written at or before the sale, and that such sale was made in good faith upon the prescription.

#### On Rehearing.

9. **CRIMINAL LAW: Druggists: Pharmacists: Information: Conflict in Opinions.** The opinion in this case is opposed to the opinion in the case of the State v. Goff, 66 Mo. App. 491, decided by the St. Louis Court of Appeals, because of which conflict this case is transferred to the Supreme Court for its decision.

Appeal from Barton Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED AND TRANSFERRED TO SUPREME COURT.

*Cole, Burnett & Moore* for appellant.

(1)   The demurrer to the information should have been sustained because there is not a sufficient designation of the particular law alleged to have been adopted. State v. Nunley, 185 Mo. 109; State v. Hillman, 128 Mo. App. 174; State v. Hall, 130 Mo. App. 174; State v. Fairlamb, 121 Mo. 154; State v. Campbell, 210 Mo. 226.   (2)   The demurrer to the information should have been sustained because it charges several offenses in the same count. State v. Clawson, 30 Mo. App. 142; State v. Nitch, 79 Mo. App. 102; State v. Murphy, 47 Mo. 275; State v. Healy, 50 Mo. App. 243; State v. Green, 24 Mo. App. 227; State v. Blakely, 184 Mo. 187; State v. Harroun, 199 Mo. 529; State v. Boyd, 108 Mo. App. 526.   (3)   The court erred in admitting evidence of defendant's confessions. State v. Jones, 171 Mo. 402;

State v. Stebbins, 188 Mo. 397; State v. Wooley, 215 Mo. 682. Again, there was no independent proof of *corpus delicti*. This has always been held necessary before receiving confessions. State v. Scott, 39 Mo. 424; State v. German, 54 Mo. 526; State v. Brooks, 92 Mo. 586; State v. Jones, 106 Mo. 302; State v. Hensack, 189 Mo. 295; State v. Knolle, 90 Mo. App. 238; State v. Jones, 106 Mo. 312; State v. Crabtree, 170 Mo. 650; State v. Meagher, 49 Mo. App. 576; McGrath v. Transit Co., 197 Mo. 104; Young v. Railroad, 113 Mo. App. 640. (4) It was incumbent on the State to prove the defendant was a registered druggist or that he employed a registered druggist. State v. Roller, 77 Mo. 128; State v. Greene, 27 Mo. App. 626; State v. Baskett, 52 Mo. App. 393; State v. Carnahan, 63 Mo. App. 246; State v. Kampman, 81 Mo. App. 205; State v. Paul, 87 Mo. App. 49; State v. Goff, 66 Mo. App. 493; State v. Suess, 20 Mo. App. 423.

*Elias L. Kazee* for respondent.

(1) Section 2535 of the Revised Statutes for 1899 provides that no indictment or information shall be deemed invalid for any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the offense charged. State v. Ferguson, 162 Mo. 675; State v. Wilson, 143 Mo. 343; State v. Harroun, 199 Mo. 527; State v. Nation, 75 Mo. 54; State v. Wall, 39 Mo. 532; State v. Knock, 142 Mo. 522. (2) The asking of leading questions is a matter left to the sound discretion of the trial court and a case will not be reversed on that ground. State v. Duestrow, 137 Mo. 84; State v. Whalen, 148 Mo. 286; State v. Hughes, 24 Mo. 147; 1 Greenleaf Evid. (14 Ed.), sec. 435; 2 Elliott's Gen. Prac., sec. 613. (3) The proof of the *corpus delicti* need not be by direct and positive testimony, but it is sufficient if there are such corroborative circumstances as will, taken in connection with the confession, produce conviction of the defendant's guilt in

the minds of the jury. State v. Patterson, 73 Mo. 712; State v. Coats, 174 Mo. 417; State v. Barrington, 198 Mo. 113; State v. Henderson, 186 Mo. 486. (4) The appellant is in error in his fourth assignment of error, in contending that it was incumbent on the State to prove that appellant was registered. State v. Chipp, 121 Mo. App. 560.

NIXON, P. J.—The prosecuting attorney of Barton county filed an information against the appellant of which the following is the first count, this being the count on which the appellant was convicted (formal parts omitted):

"Now at this day comes J. B. McGilvray, prosecuting attorney within and for the county of Barton and State of Missouri, and, for his amended information on his oath informs the court that one Joe Clinkenbeard, the above-named defendant, late of the county and State aforesaid, on or about the 13th day of June, A. D. 1908, at and within the city of Lamar, county of Barton and State of Missouri, at which time and place the act of the Legislature approved April 5, 1887, known as the Local Option Law, had been duly adopted and was in force as the law of the State, the said Joe Clinkenbeard, being then and there a druggist and proprietor of a drugstore, and a pharmacist, did then and there unlawfully and wilfully sell and dispose of certain intoxicating liquors in less quantities than four gallons, to-wit: one quart of whisky and one quart of gin to one Charles Cozine; and that said intoxicating liquor was not then and there sold and disposed of on a written prescription dated and signed, first had and obtained from any regularly registered and practicing physician, stating the name of the person for whom the same had been prescribed and that said intoxicating liquor was prescribed as a necessary remedy and that said intoxicating liquor was not then and there sold for art, mechanical or scientific purposes on a

written application signed by a person known to said Joe Clinkenbeard to be a mechanic, scientist or artist, the said Joe Clinkenbeard not then and there having a dramshop license, nor any other legal authority to sell and dispose of said intoxicating liquors as aforesaid, said intoxicating liquors not having been manufactured on the premises and not having been sold and disposed of for sacramental purposes; contrary to the forms of the statute in such cases made and provided and against the peace and dignity of the State."

The appellant demurred to this information which demurrer was by the trial court overruled. A trial was had, and at the close of all the evidence the appellant asked a peremptory instruction in the nature of a demurrer to the evidence, as to each count, which was by the court refused. The court instructed on the first count only, and the record shows that an order was entered sustaining a demurrer to the evidence on the second count, of which the jury, the appellant claims, knew nothing. The appellant was convicted on the first count and fined two hundred and twenty-five dollars.

The State's first witness was the city marshal, Jake McLaughlin. He testified that about June 20, 1908, he saw one Cozine go into the appellant's place of business at the front door; that witness went around to the back door and saw Cozine come out of it with two quart bottles which were taken to the prosecuting attorney, J. B. McGilvray, and found to contain gin and whisky. The witness stated that the appellant was in the drug business on the north side of the square in the town of Lamar in Barton county, Missouri.

Austin Sands, a witness for the State, being questioned in regard to the sale of this liquor to Cozine, remembered a conversation with appellant about it; that appellant had showed him a prescription and said he thought he was legally all right in selling it.

J. B. McGilvray, who, as prosecuting attorney, filed

the information, testified as a witness as to the contents of the two quart bottles which McLaughlin brought him, and said they contained gin and whisky. He testified that a day or two after the bottles were brought to him, he had a conversation with appellant who called him in and asked him about a prescription, whether it was good or bad. Witness did not recall whether he told him it was good or bad. He stated that appellant then said to him that he sold Cozine this liquor on a prescription and produced it and asked the attorney's opinion about it, who replied that he was not sure. This was about June 20, 1908.

A witness at the trial identified a copy of the prescription at the State's request, but it was not actually introduced in evidence either by the State or by appellant.

A. T. McAdow, another attorney and a witness for the State, said that he and Sands had gone into appellant's store and that they and appellant were talking; that Sands "jollied" appellant about the sale and appellant produced a prescription and asked witness for his opinion as to whether the prescription protected him in the sale of the liquor to Cozine, and the witness testified that he saw the physician's name signed to the prescription. He also stated that appellant ran a drugstore.

During the trial, appellant admitted that he was a licensed merchant at the time of the alleged sale. The State made no attempt to prove that appellant had a registered pharmacist in his employ or that he was himself a registered druggist.

I. One contention of appellant in this case is that because the information charges the adoption of the Local Option Law in Barton county and no evidence of such fact was produced at the trial, the information is therefore fatally defective.

The fact that the information may have charged the adoption of the Local Option Law is not such a

defect as is available to the appellant to defeat the judgment of conviction in this case. The case was not tried upon the theory that the Local Option Law had been adopted in Barton county; no evidence was introduced to that effect, and no instructions were asked or given by the court in any way relating to the adoption of the Local Option Law; and certainly it cannot be said, under any process of reasoning, that the appellant was injured in any way by reason of the failure to prove the adoption of the Local Option Law or to prove him guilty of a violation of its provisions. As there was no proof on the subject of the Local Option Law and as there is nothing in the record to show its adoption in the county where appellant is charged to have committed the offense in question, this court has no knowledge whether the law was in fact adopted or not. Because the information may have contained some clauses that were surplusage or were irrelevant to the main charge or were repugnant to each other is not sufficient to invalidate the whole information. Section 2535 of the Revised Statutes of 1899 provides that "no indictment or information shall be deemed invalid . . . by reason of . . . any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged." This has been upheld and applied in many cases. [State v. Furgerson, 162 Mo. 668, 63 S. W. 101; State v. Harroun, 199 Mo. 519, 98 S. W. 467.]

II. Another ground relied on for reversal is that counsel for the State during the trial was allowed to ask leading questions. This matter has been so often passed upon by our courts that it is hardly deserving of serious consideration. The rule is well established that the asking of leading questions is a matter resting in the sound discretion of the trial court, and unless the abuse has been flagrant it is no ground for a reversal of the judgment. The appellate court will not presume that the trial court abused its discretion in

the absence of an affirmative showing. [State v. Duestrow, 137 Mo. l. c. 84, 38 S. W. 554, l. c. 564; State v. Whalen, 148 Mo. 286, 49 S. W. 989; State v. Hughes, 24 Mo. 147.] This rule has also been recognized by the leading text-writers and many citations could be made, if necessary, in support of this principle that when and under what circumstances leading questions may be asked is a matter resting in the sound discretion of the trial court and not a matter which can be assigned as error. [1 Greenl., Ev. (14 Ed.), sec. 435; 2 Elliott's Gen. Prac., sec. 613.

The learned trial judge in this case is to be commended for his laudable effort—in allowing proper leading question—to sift the truth from the falsehood, and in bringing the testimony of the reluctant witness out of its cover of equivocation into the open light. The trial judge is a minister of justice and it is his duty by all proper means to see that right is safeguarded and wrong is punished.

III. It is assigned as error that the trial court erred in admitting evidence of the appellant's confessions because there was no independent proof of the *corpus delicti.*

Upon the charge of illegally selling intoxicating liquor, where a man is seen to go into the front door of a drugstore empty-handed and a few minutes afterwards is detected coming out at the back door, in a hurry, with a quart bottle of whisky in one hand and a quart bottle of gin in the other, the *corpus delicti* is conspicuous and the evidence of it is fairly convincing. The evidence in this case shows clearly that Cozine was seen to go into the front door of appellant's drugstore by the city marshal, Jake McLaughlin, who went around to the back door and saw Cozine come out with two quart bottles which were taken to the prosecuting attorney and found to contain gin and whisky. We think this was strong evidence of the essential element of the *corpus delicti;* and, taken in connection with

the subsequent statements and confessions of the appellant to several witnesses that he sold Cozine this liquor on a prescription was sufficient evidence to carry the case to the consideration of the jury. The *corpus delicti* of the crime and the criminal agency of the defendant, even in cases of felonious homicide, may be shown by circumstantial evidence, provided it is sufficient to produce conviction in the minds of the jury beyond a reasonable doubt. [State v. Henderson, 186 Mo. 473, 85 S. W. 576; State v. Barrington, 198 Mo. 1. c. 113, 95 S. W. 1. c. 264.]

IV. It is further assigned as error that there was a failure on the part of the State to prove that the appellant was registered as a druggist and that it was incumbent upon the State to make that proof before a conviction under the information could be sustained.

Whatever may have been the earlier decisions on this question, the later authorities undoubtedly hold that an information charging that a defendant as a druggist was guilty of selling intoxicating liquor without a prescription need not also charge that he had registered under chapter 23 of the Revised Statutes of 1899 as a druggist. This matter is finally put to rest in this State in the case of State v. Chipp, 121 Mo. App. 556, 97 S. W. 236. In that case the defendant was convicted under section 3051 of the Revised Statutes of 1899 for allowing alcoholic liquors to be drunk about his place of business. The statute is as follows: "Sec. 3051. *Intoxicating liquors not to be drunk on premises—penalty.* Any druggist or dealer in drugs and medicines who shall suffer alcohol or intoxicating liquors to be drunk at or about his place of business, shall be deemed guilty of a misdemeanor, and upon conviction shall be punished by a fine not exceeding two hundred dollars, or by imprisonment in the county jail not exceeding six months." The evidence in the Chipp case went to show that the defendant was the proprietor of a drugstore and dealt in drugs, but there

was no evidence that he was a licensed druggist. It will be noticed that the section under which the defendant was prosecuted in that case was directed against "any druggist or dealer in drugs and medicines;" so that the question as to whether it was necessary to charge and prove that the druggist was a licensed druggist was directly in issue in that case as it is in this. It was there held that "druggist" and "dealer in drugs" are synonymous terms, and that one may be a "druggist" or a "dealer in drugs" without being a registered pharmacist or having one in his employ or being himself licensed; that it is not the drugstore that is registered, but only the pharmacist. In the opinion it is said: "The statute in question does not undertake to say who is, or who is not, a druggist. This statute was first enacted in 1881, prior to which, from time immemorial, there had been both druggists and pharmacists."

V. It is strenuously contended that the demurrer to the information should have been sustained for the reason that it charges several offenses in the same count.

It will be seen from the information that it does charge that the defendant, being a druggist and the proprietor of a drugstore and a pharmacist, did sell intoxicating liquors illegally without a prescription. It is argued because the three terms, "druggist," "proprietor of a drugstore" and "pharmacist" are used that the information is defective. We do not think that the information is vulnerable to the objection of either duplicity or multifariousness. In this country, the business of pharmacist, or apothecary or druggist is all one, and the same person who prepares and compounds medicines also often sells them; so that in popular speech all three are used interchangeably as practically synonymous. [State v. Donaldson, 41 Minn. 74, 42 N. W. 781.] Under the law of this State regulating druggists, dealers in drugs, proprietors of

drugstores and pharmacists are all covered by the generic term, "druggist," and the offense of either in selling intoxicating liquors without a prescription is an offense against the same statute which treats of druggists. It is true that the first clause of section 3047 are as follows: "No druggist, proprietor of a drugstore or pharmacist shall, directly or indirectly, sell, give away or otherwise dispose of alcohol or intoxicating liquors of any kind in any quantity less than four gallons for any purpose, except on a written prescription, dated and signed, first had and obtained from some regularly registered and practicing physician, and then only when such physician shall state in such prescription the name of the person for whom the same is prescribed, and that such intoxicating liquor is prescribed as a necessary remedy.". Subsequently, in the same section, when fixing the penalty, it is provided: "Any *druggist* who shall violate any of the provisions of this section, . . . shall be deemed guilty of a misdemeanor, and on conviction shall, for the first offense, be fined not less than one hundred nor more than five hundred dollars, and for a second offense shall, on conviction, in addition to such fine, have his certificate of registration as a pharmacist revoked."

It will be seen that the first part of this section forbade the *"druggist, proprietor of a drugstore* or *pharmacist"* from disposing of intoxicating liquors, and that the latter part of the section prohibited a "druggist" from violating the provisions of the law and fixed the penalty in case of a violation. Now it is undoubtedly true that the penalty applied equally to the proprietor of a drugstore and the pharmacist for the reason that the general term, "druggist," includes the "proprietor of a drugstore" who sells drugs and also a "pharmacist." Hence, the penalty inflicted in the subsequent part of the same section on the "druggist" applied equally to the "proprietor of a drugstore" and the "pharmacist," who should violate this section of the

law. From this, it will be seen that by including in the information the charge that the defendant sold intoxicating liquors as a "druggist, pharmacist and proprietor of a drugstore," meant and could only mean that he sold the same as a *druggist;* that it does not charge two distinct offenses created by separate sections of the statutes with different penalties, but the penalty is the same whether the defendant is a druggist, proprietor of a drugstore or a pharmacist, or all three at the same time. The charge, therefore, was not of distinct offenses and it was not error to make the charge as was done in this information. The objection when carefully examined is but a mere cobweb of the intellect and so extremely attenuated that it will not bear examination in the light of reason and authority.

VI. Another contention is that the State's own evidence showed that if there was any sale at all by appellant, it was on a prescription, and that the demurrer to the evidence should have been sustained for this reason, or, at least, that the second instruction for the State should not have been given.

As the evidence shows, the appellant on several occasions, when "jollied" about having sold the liquor to Cozine, stated that he had a prescription, and a paper purporting to be a prescription was in fact produced at the trial by the State and identified as a copy, but it was never introduced in evidence by either side. It is from this evidence that counsel claim that appellant made the sale on a prescription.

At the trial, appellant's attention was called to this prescription, but he did not introduce it in evidence, and we are asked by his counsel to presume as a matter of law that it was a valid prescription such as the statute requires to constitute a defense and to authorize the sale of intoxicating liquors. If this prescription complied with the requirements of the law, why did not the appellant introduce it in evidence? As we have stated, he had it examined on several occas-

ions by competent lawyers.  He not only knew what it actually contained but also knew whether it justified the illegal act for which he was on trial.  If it was a legal prescription, it constituted a perfect defense and would have ended the prosecution.  It was a matter of defense; it was his shield and protection and the law requires that he should produce it.  The reason why it was not produced is beyond question.  It did not comply with the law.  It had the form but not the substance of a defense; it was a broken reed and gave him no relief, and he and his attorneys knew it. Justice should not be hoodwinked by shams.  It was not only incumbent upon the appellant to show that the prescription was a legal one, but also that it was written at or before the sale, and that such sale was made in good faith upon the prescription.  So far as the evidence goes, even if regular in form, it might have been a *nunc pro tunc* prescription. [State v. Hale, 72 Mo. App. 78.]

VII.  In this connection, we further suggest that after the State had identified the license of the appellant as a pharmacist, he objected to its being offered in evidence as irrelevant and immaterial.  We think, under these circumstances, that he could hardly be heard to object as the court excluded it on his own motion.

Upon a most careful examination of this case, under the evidence and the record, we are convinced that the judgment of conviction should be affirmed.  *Gray, J.,* concurs.  *Cox, J.,* having presided as judge in the trial court, did not sit in this case.

ON MOTION FOR REHEARING AND MOTION TO TRANSFER.

NIXON, P. J.—The motion for rehearing is overruled.  As the result reached in the opinion heretofore filed in this case is opposed to the opinion in the case of State v. Goff, 66 Mo. App. 491, decided by the St. Louis

Salem ex rel. v. Young.

Court of Appeals, this case is certified to the Supreme Court for its decision. *Gray, J.,* concurs. *Cox, J.,* having presided as judge in the trial court, not sitting.