## The People of the State of Illinois, Defendant in Error, v. William O'Keefe, Plaintiff in Error.

### Gen. No. 18,224.

1. CRIMINAL LAW—*vagabonds*. A finding that defendant is an idle person living without lawful means of support and is known to be a pickpocket, contrary to Hurd's St. 1911, ch. 38, §270, is supported by the evidence where three police officers testify that defendant is frequently in the company of pickpockets and is known to be a pickpocket, and two of them testify that they have known him for five years but have never known him to be employed, and defendant does not introduce evidence tending to show that he has any lawful means of support.

2. CRIMINAL LAW—*burden of proof*. In a prosecution under Hurd's St. 1911, ch. 38, §270, on the ground that defendant is an idle person living without lawful means of support and is known to be a pickpocket, it is incumbent on defendant to show, if he can, that he has lawful means of support where the People introduce evidence that he is known to be a pickpocket and that officers who have known him for five years have never known him to be employed.

Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 6, 1913.

W. W. O'BRIEN, for plaintiff in error.

MACLAY HOYNE, for defendant in error; ZACH HOFHEIMER, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On December 28, 1911, an information was filed in the Municipal Court of Chicago, which informed the court that William O'Keefe, appellant and hereinafter called defendant, on November 28, 1911, at Chicago, "was then and there an idle and dissolute person living without lawful means of employment or support, habitually misspending his time by loitering about public thoroughfares, public buildings, railway depots and street cars, acting in a suspicious manner and is known to be a pickpocket, contrary to the form of the statute," etc. A *capias* was issued and the defendant gave bond to appear and subsequently waived a trial by jury, and on January 10, 1912, was found guilty by the court in manner and form as charged in the information and was adjudged guilty of the criminal offense of being a vagabond, on said finding of guilty, and sentenced to confinement at labor in the house of correction for a term of six months. Defendant by this writ seeks to reverse that judgment. Section 270 of chapter 38 (Hurd's Stat. 1911) provides:

"All persons who are idle and dissolute, and who go about begging; all persons who use any juggling or other unlawful games or plays;  *  *  .  *    pilferers;  *   *   *    persons who are habitually neglectful of their employment or their calling, and do not *lawfully* provide for themselves, or for the support of their families; and all persons who are idle or dissolute and who neglect all lawful business, and who habitually mis-spend their time by frequenting houses of ill-fame, gaming houses or tippling shops;  *   *   *    and all persons *who are known to be* thieves, burglars or *pickpockets,* either by their own confession or otherwise,  *   *   *    and having no *lawful means of support,* are habitually found prowling around any steamboat landing, railroad depot, banking institution, broker's office, place of public amusement, auction room, store, shop or crowded thoroughfare, car or omnibus, or at any

public gathering or assembly, or lounging about any court room, private dwelling houses or out-houses, or are found in any house of ill-fame, gambling house or tippling shop, shall be deemed to be and they are declared to be vagabonds.''

Section 271 makes it the duty of the sheriff, bailiff of the Municipal Court of Chicago, constable, etc., to arrest upon warrant, and, if within the City of Chicago, to bring any such vagabond before said Municipal Court for the purpose of examination; and further provides that if he pleads guilty or is found guilty, he may be sentenced to the house of correction for a term of not less than ten days and not exceeding six months, in the discretion of the court.

It is contended by counsel for the defendant that the finding and judgment are not supported by the evidence. Counsel argues that it was not established by satisfactory evidence that the defendant had ''no lawful means of support,'' that this is an essential element to be proved in order to support a conviction, and that the burden of proving it was on the People.

Three police officers of the city of Chicago testified on behalf of the People. Thomas McFarland testified that he arrested the defendant without a warrant on a car at three o'clock in the morning on December 24, 1911; that defendant was intoxicated at the time and had his hand in somebody's pocket; that the defendant separated another pickpocket from him (McFarland) and that he then took defendant into custody; that on September 16, 1911, he saw the defendant on a street car in company with two other pickpockets, and that he saw defendant jump off the car and run away and escape, when one of the passengers claimed to have lost one dollar; that he had frequently seen the defendant in the company of pickpockets and thieves and that he knew the defendant to be a pickpocket; that he had known the defendant for five years, had seen him frequently, and never knew him to be employed. On cross-examination McFar-

land testified that he did not know whether or not the defendant had any money at the time the warrant in this case was issued, and that he did not know whether or not the defendant was working at or previous to said time. James Dubach testified that he had several times seen the defendant in the company of pickpockets, had known him for five years and had seen him associated with convicted thieves; that he knew defendant to be a pickpocket and had never known him to be employed, but that he did not know of his own knowledge whether or not the defendant was working on the day the warrant was issued. Joseph Spiegal testified that he had seen the defendant in the company of pickpockets, and that he knew him to be a pickpocket, but that he did not know whether or not the defendant was employed previously to or at the time of the issuance of the warrant.

We are of the opinion that the evidence sufficiently supports the finding and judgment. The evidence showed that the defendant was known to be a pickpocket and had been seen frequently in the company of pickpockets, and two of the witnesses testified that they had known defendant for five years and had never known him to be employed. Although confronted with this evidence, the defendant did not see fit to introduce any evidence tending to show that he had any lawful means of support. If he had such means of support it was a fact peculiarly within the knowledge of the defendant, and, in view of the evidence introduced by the People, we think it was incumbent upon him to show, if he could, that he had lawful means of support. Harbaugh v. City of Monmouth, 74 Ill. 367; Noecker v. People, 91 Ill. 468; Birr v. People, 113 Ill. 645; Kettles v. People, 221 Ill. 221.

The judgment of the Municipal Court is affirmed.

*Affirmed.*