## The People of the State of Illinois, Defendant in Error, v. Eugene Hustion, Plaintiff in Error.

## Gen. No. 18,713.

1. CRIMINAL LAW—*unlawful sale of cocaine.* An information which charges that defendant unlawfully sold cocaine to a certain person without such person "having in his possession a written prescription signed by a duly registered physician," does not state

an offense, since the statute does not require the purchaser to have possession of the prescription.

2. CRIMINAL LAW—*when indictment must negative exceptions.* Where a statute making an act criminal includes exceptions in the same clause which creates the offense, it is necessary in the indictment to negative the exceptions so as to show affirmatively that the precise crime defined has been committed.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 24, 1913.

ARCHIBALD E. GUERIN and WALLACE STREETER, for plaintiff in error.

MACLAY HOYNE, for defendant in error; ZACH HOFHEIMER, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiff in error was prosecuted in January, 1912, in the Criminal Branch of the Municipal Court of Chicago on an information alleging: "Eugene Hustion, late of the said City of Chicago, heretofore, to-wit, on the 13th day of December, A. D. 1911, at the City of Chicago, aforesaid, did then and there unlawfully and wrongfully sell to Walter A. Bobo a quantity of cocaine without said Walter A. Bobo having in his possession a written prescription signed by a duly registered physician the said Eugene Hustion having been convicted of selling cocaine without a written prescription of a duly registered physician prior to December 1, 1911, in the Municipal Court of Chicago, contrary to the form of the statute in such case made and provided, and against the peace and dignity of The People of the State of Illinois."

On a trial before a jury a verdict was returned as follows: "We, the jury, find the defendant, Eugene Hustion, guilty in manner and form as charged in the information." A motion for a new trial was denied and plaintiff in error sentenced to pay a fine of $300.00

and costs and committed to the House of Correction until paid.

The prosecution of the plaintiff in error was under section 32a, chapter 91, Medicine and Surgery, Hurd's Rev. Stat. 1911, in part as follows:

"It shall be unlawful for any druggist or other person to retail, sell or give away any cocaine * * * except upon the written prescription of a duly registered physician, which prescription shall contain the name and address of the person for whom prescribed, and the date the same shall have been filled, and shall be permanently retained on file by the person, firm or corporation where the same shall have been filled, and it shall be filled but once, and of it no copy shall be taken by any person, and the original shall at all times be open to the inspection of the prescriber," etc.

The plaintiff in error contends that the information stated no offense in that the statute under which he was prosecuted did not require the prescription to be in his possession. The point is well taken. Glenn v. People, 17 Ill. 105; Truitt v. People, 88 Ill. 518. The evidence is not preserved in the record before us and the question presented is, was an offense charged in the information. The counsel for the People argue: "The gist of the offense is the selling without a prescription, or, which comes to the same thing, not having a prescription, or identically the same thing, not having the prescription in possession." It is very true, as stated, that "the gist of the offense is the selling without a prescription," but that not having the prescription in possession is "identically the same thing" we are unable to concede. For instance, suppose a duly registered physician had written a prescription for a patient, but for some reason not wishing to give same to the patient, left it with the druggist and thereunder the druggist sold and delivered the cocaine to the patient. It is not to be presumed that under such circumstances a court would hold the druggist guilty of a violation of the said statute. In Beasley v. People, 89 Ill. 571, the court say: "Un-

doubtedly the general rule is, where an act is made criminal, with exceptions embraced in the same clause of the statute which creates the offense, so as to be descriptive of the offense intended to be punished, it is necessary, in the indictment stating the act had been done, to negative the exceptions so as to show affirmatively the precise crime defined has been committed.''

It is also urged by counsel for the People that ''Every indictment or accusation of the grand jury shall be deemed sufficiently technical which states the offense in the language of the statute creating the offense, or so plainly that the nature of the offense may be easily understood by the jury.'' This is well settled law, but the trouble is that the prosecutor, probably with the statute before him, for some reason difficult to understand, inserted an element within the exception not required by the statute.

In our opinion the information stated no offense, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*