## City of Chicago, Defendant in Error, v. Charles Montgomery, Plaintiff in Error.

### Gen. No. 20,536.

1. DRUGGISTS, § 6*—*when burden of showing sale of cocaine not unlawful on defendant.* In a proceeding under Chicago Code of 1911, sec. 808, for the sale of cocaine, the burden of proving that the sale was within the exception of the provision because made upon a physician's prescription is upon the defendant.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when error in complaint in quasi criminal case not ground for reversal.* A proceeding under Chicago Code of 1911, sec. 808, is a quasi criminal case belonging to the fifth class, in which no written pleadings are necessary, and a typographical error in the complaint in stating the year in which the sale was made as "194" instead of "1914" is not ground for reversal, where the evidence shows that the sale was made in 1914 and objection on the ground of variance was made at the trial.

Error to the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 8, 1915.

EDWARD H. MORRIS, for plaintiff in error.

JOHN W. BECKWITH and ALBERT J. W. APPELL, for defendant in error; ULYSSES S. SCHWARTZ, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

This writ of error brings in review a judgment for one hundred and fifty dollars against plaintiff in error, Charles Montgomery, for a violation of section 808 of the Chicago Code of 1911, which is as follows:

"Sec. 808. No druggist or other person shall sell or give away any morphine, cocaine, alpha or beta eucaine, chloral hydrate, or any salt or compound or derivative of any of the foregoing substances, or any substance, preparation or compound containing any of the foregoing substances, or any of their salts or com-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pounds or derivatives, except upon the written prescription of a duly registered physician.

Any person who shall violate any of the provisions of this section shall be fined not less than fifty dollars nor more than two hundred dollars for each offense.''

The contention of plaintiff in error is that the burden was on the defendant to prove that the sale of cocaine was made without a written prescription signed by a duly registered physician, and that the evidence failed to prove that the sale was made without such prescription. This contention cannot be sustained. The burden of proof was on the defendant to show that the sale was within the exception stated in the ordinance —not on the plaintiff to show that it was not within such exception. The Dramshop Act of this State provides that:

''Whoever, by himself, or his agent or servant, shall sell or give intoxicating liquor to any minor without the written order of his parent, guardian or family physician, *  *  * shall be fined not less than twenty dollars,'' etc. (J. & A. ¶ 4605).

In prosecutions under this act it was held in the following cases that when a sale is shown by the prosecution, the burden is shifted upon the accused to show that the sale proven was made on the written order of the parent, guardian or family physician; *Birr v. People,.* 113 Ill. 645; *Harbaugh v. City of Monmouth,* 74 Ill. 367. See also, *State v. Clinkenbeard,* 142 Mo. App. 146; *State v. Elam,* 21 Mo. App. 291; *State v. Miller,* 24 Conn. 522; *Shelp v. U. S.,* 26 C. C. A. 570, 81 Fed. 694.

*People v. Hustion,* 178 Ill. App. 293, does not support the contention of plaintiff in error. That was a criminal prosecution. The information charged the sale of cocaine to a certain person without such person ''having in his possession a written prescription signed by a duly registered physician.'' The statute did not require that the person purchasing the cocaine should

have the prescription in his possession, and the court held that the information did not therefore set out an offense. In this case the burden of proof was on the defendant to show that the sale of cocaine was within the exception stated in the ordinance.

The court did not err in refusing to strike plaintiff's statement of claim. Quasi criminal cases belong to the fifth class, and cases of that class are determined without written pleadings. Municipal Court Act. sec. 2, par. 5, and section 3 (J. & A. ¶¶ 3314, 3315); *Hopkins v. Levandowski,* 250 Ill. 372.

The manifest mistake in alleging in the complaint that the sale was made March 23, "194," is no ground for reversal. No written complaint was necessary. The evidence shows that the sale was made March 23, 1914, and no objection on the ground of variance was made on the trial, and such typographical errors are not ground for reversal. *Russell v. Brown,* 41 Ill. 183.

We find no error in the record and the judgment is affirmed.

*Affirmed.*