THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ERMINIE MONTGOMERY, Plaintiff in Error.

*Opinion filed February 16, 1916.*

1. CRIMINAL LAW—*when time when affidavit was sworn to is reasonably certain.* The fact that the jurat to an affidavit attached to an information is dated "this 5th day of Aug., A. D. 191," is not ground for a motion in arrest of judgment, where the record shows that the information charges an offense committed on August 4, 1914, and was filed on August 5, 1914, in the office of the clerk of the municipal court, who signed the jurat.

2. SAME—*when jury may find that sale of cocaine was made to person charged in information.* Where an information charges a sale of cocaine to Pearl Williams, and the State calls one Clara Williams as a witness, who testifies that her name is C. Williams and that she purchased cocaine from the defendant, which is the sale for which the conviction is sought, the jury may conclude that the witness Clara Williams was generally known by the name of Pearl, where other witnesses refer to her by that name, and the defendant's attorney, in his objections to evidence, referred on two occasions to the person who was spoken of as Pearl Williams as the prosecuting witness.

3. SAME—*burden is on accused to show sale of cocaine was on prescription.* In a prosecution for selling cocaine the State is not required to prove that the purchaser did not have a written prescription, as the burden is on the accused, after proof of the sale, to show that it was upon a prescription of a physician, as required by the statute.

4. SAME—*when proof that bottles of cocaine were found in defendant's pantry is proper.* In a prosecution for selling a bottle of cocaine, proof that three bottles of cocaine were found in the defendant's pantry is proper, where the evidence shows that the

defendant told the officers that the box from which the bottles were taken contained nothing but soap, and where a marked one-dollar bill, which was given one of.the girls who bought the cocaine, was also found in the pantry.

5. SAME—*when statements by purchaser of cocaine are not admissible.* A statement made by the purchaser of cocaine that she bought it from the defendant is not admissible when not made in the presence of the defendant, nor, when made in the presence of the defendant, if the latter then and there denied it; but the admission of such statement in evidence is not necessarily ground for reversal.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

EDWARD H. MORRIS, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and C. H. LINSCOTT, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

An information was filed in the municipal court of Chicago on August 5, 1914, against the plaintiff in error, charging her with selling, on August 4, 1914, to Pearl Williams, cocaine hydrochloride without the written prescription of a registered physician. The defendant was convicted, and the judgment having been affirmed by the Appellate Court she prosecutes a writ of error to reverse the judgment of affirmance.

The information was presented by George Williams and was verified by his affidavit, to which was attached a jurat in these words, "Subscribed and sworn to before me this 5th day of Aug., A. D. 191." This jurat was signed by "Frank P. Danisch, clerk of the municipal court of Chicago." A motion was made in arrest of judgment, and it is argued that the denial of it was erroneous because the information, being presented by a private person, was re-

quired to be verified by affidavit, and the jurat to the affidavit verifying the information purports to have been sworn to on an impossible date. It appears from the record that the information charges an offense committed on August 4, 1914, and was filed on August 5, 1914, in the office of the clerk of the municipal court, who certifies that the affidavit was subscribed and sworn to before him on August 5. It thus appears with reasonable certainty that the affidavit was sworn to before the clerk at the time of filing the information, and the motion in arrest was properly overruled.

It is insisted that the evidence does not sustain the verdict. The person to whom the sale was charged to have been made was Pearl Williams. The record shows that Clara Williams was called as a witness on behalf of the State. She testified that her name was C. Williams and that she had purchased a bottle of cocaine from the defendant. This was the sale for which a conviction was sought, and the defendant argues that the sale was made to Clara Williams and not to Pearl Williams. Other witnesses were called, however, who testified, and in speaking of the first witness always referred to her as Pearl. On two occasions the defendant's attorney objected to evidence, and in his objections referred to the person who was spoken of as Pearl as the prosecuting witness, and the jury were justified in concluding from the evidence that the witness Clara Williams was generally known by the name of Pearl.

It is further insisted that the prosecution failed to prove its case because there was no evidence that Pearl Williams did not have a written prescription for cocaine. The burden of proof, after evidence of a sale of cocaine was introduced, was upon the defendant to show that such sale was upon the prescription of a physician, as required by the statute. *Birr* v. *People,* 113 Ill. 645; *Harbaugh* v. *City of Monmouth,* 74 id. 367; *Kettles* v. *People,* 221 id. 221.

Objection was made to the admission in evidence of three bottles of cocaine found in the pantry of the plain-

tiff in error. The evidence shows that Pearl Williams and another girl were given two one-dollar bills, the numbers of which were taken, and the girls were watched while they went to the plaintiff in error's house and bought cocaine. When plaintiff in error was arrested, these bottles, which were introduced in evidence, were found in the pantry in which Pearl Williams testified that she got the cocaine from the plaintiff in error. The plaintiff in error told the officers that the box from which the bottles were taken contained only soap, but they found these bottles there and they also found in the pantry one of the dollar bills which had been given to the girls. It was not error to admit this evidence.

The court did, however, improperly admit the testimony of a witness to a statement made by Pearl Williams, in the absence of the plaintiff in error, that she got the cocaine from Mrs. Montgomery, and also a statement made by Pearl Williams, in the presence of Mrs. Montgomery, that she got the cocaine from her, which Mrs. Montgomery then and there denied. Incriminating statements made in the presence of an accused are admissible in evidence, if not denied, on the principle that the failure to deny is an implied admission of their truth when the accused might, and naturally would, deny the statements if untrue, but where the statement is denied by the accused it is not admissible. (*People* v. *Harrison*, 261 Ill. 517.) It was error to admit this evidence, but if it had not been received the evidence in the case was such that the jury could not reasonably have returned any other verdict than that which they did return, and under such circumstances the judgment will not be reversed for the error in admitting the evidence.

*Judgment affirmed.*