State v. Whalen.

THE STATE v. WHALEN, Appellant.

Division Two, February 21, 1899.

1. **Practice**: LEADING QUESTIONS: APPEALS. The general rule is that leading questions should not be allowed in the direct examination of a witness; but whether it may be done or not rests very largely in the sound discretion of the trial court, and a judgment will not be reversed upon that ground unless it is manifest that the discretion was unwisely exercised.

2. ———: ———: CASE STATED. Two men were being tried for robbing a woman on the street in a city. On examination she had stated that she recognized the appellant as the man who choked her and wrenched from her hand her pocket containing the money stolen. This question was then asked her: "Are you positive that the man whom you designate as the man on the left, is the man that seized you by the neck and wrenched your pocketbook from your hand?" *Held*, that no possible harm could have resulted to defendant from the question, and hence no error was committed.

3. **Preliminary Hearing**: BAR: COURT OF CRIMINAL CORRECTION. A preliminary hearing and discharge by the court of criminal correction in St. Louis, is no bar to an indictment by the grand jury in the circuit court. Hence, no harm was done the defendant in not permitting him to show that as soon as the prosecuting witness had sworn to the information she was taken before the grand jury, and was purposely kept from appearing at the preliminary examination in the court of criminal correction.

4. **Robbery**: INSTRUCTION FOR PETIT LARCENY. Where under the evidence the defendant is clearly guilty of robbery in the first degree, or guilty of no offense at all, no instruction should be given for petit larceny.

*Appeal from St. Louis City Circuit Court.*—HON. WILLIAM ZACHRITZ, Judge.

AFFIRMED.

C. O. BISHOP for appellant.

(1) The court erred in permitting the circuit attorney, over the objection of appellant, to put to the prosecuting witness the following leading question: "Are you positive that the man whom you designate as 'the man on the left' is the man that seized you by the neck and wrenched your pocketbook from your hand?" The only fair and legitimate mode of examination, as suggested by the objection, was to have simply required of her a statement of the circumstances as truthfully as she could give it, and to have left her cross-examination to counsel for the accused. (2) Appellant should have been permitted to show by the prosecuting witness that after she had sworn to the information against him and his codefendants in the court of criminal correction, she was almost immediately taken before the grand jury, and that when the case was called for trial in the court of criminal correction she was purposely kept from appearing there, to the end that appellant might be denied his right to a preliminary examination on the original charge and to

be denied the right to a speedy trial. (3) The court erred in failing to instruct as to petit larceny.

EDWARD C. CROW, Attorney-General, and SAM B. JEFFRIES, Assistant, Attorney-General, for the State.

(1) It is not reversible error to permit the asking of leading questions, and the right to ask them is a matter resting solely in the discretion of the trial court. (2) The jurisdiction of the grand jury is not confined to such cases as are held to that body either by the court of criminal correction of the city of St. Louis or the several justices of the peace throughout the State. Even though the court of criminal correction had given defendant a preliminary examination and discharged him, yet that would not have precluded the grand jury from investigating the matter and returning an indictment against him. The grand jury is presumed to have acted in good faith and lawfully, and in the event the indictment was unlawfully returned, it was defendant's right to have filed a motion to quash the indictment. Having failed to do so, he can not now impinge the actions of that body by undertaking to show a failure of the proper officers of the law to give defendant a preliminary hearing in the court of criminal correction. Aside from all this it was the duty of the grand jury to make proper investigation of the matter at an early date (even before the court of criminal correction had acted), with a view to saving as much cost to the defendant and the State, when no possible prejudice could be worked against defendant thereby. (3) The crime committed constituted robbery, or defendant should have been discharged. No error was indulged in by a failure to instruct as to petit larceny.

BURGESS, J.—Defendant, William Adams and Pierce Whalen were jointly indicted in the circuit court of the city of St. Louis for the offense of robbery in the first

degree, in having robbed one Mollie Hart of two dollars and fifty cents in said city on the seventeenth day of May, 1897. Subsequently the State entered a *nolle prosequi* as to Adams.

Thereafter on the twenty-first day of December, 1897, Thomas and Pierce Whalen were put upon their trial in said court and Pierce Whalen acquitted, and the defendant Thomas Whalen convicted of the charge preferred against them, and his punishment .fixed at five years imprisonment in the penitentiary. He appeals.

On the seventeenth day of May, 1897, about three o'clock in the afternoon, Mollie Hart, while on O'Fallon street in the city of St. Louis, enroute to the Belcher bath house, was suddenly seized by two men from behind, one taking her by the shoulder and the other by the waist, who dragged her into an alley near the bath house, while a third man, whom she afterwards recognized as the defendant Thomas Whalen, came in front of her, and caught her by the throat, saying to her, "throw up your hands, or I'll choke you to death." She was badly scared. He wrenched her pocketbook containing $2.50 in money and a check for $25, then they let her go and ran away.

The defense was an alibi, and evidence was introduced by defendant tending to sustain this theory of the case. Defendant proved a good character.

One of the grounds relied upon for a reversal of the judgment is the action of the court in permitting the attorney for the State to put to the witness Mollie Hart the following question: "Are you positive that the man whom you designate as the man on the left is the man that seized you by the neck and wrenched your pocketbook from your hand?" It is argued that up to this time the witness had been somewhat uncertain as to whether or not defendant was the man who took her pocketbook from her, and that

especially under the circumstances, if ever, a question so leading in its character should not be allowed.

As a general rule leading questions should not be allowed in the direct examination of a witness—but whether it shall be done or not rests very largely in the sound discretion of the court, and a judgment will not be reversed upon that ground unless it is manifest that the discretion has been unwisely exercised [Wilbur v. Johnson, 58 Mo. 600; King v. Mittalberger, 50 Mo. 182; Railroad v. Silver, 56 Mo. 265; Meyer v. Railroad, 43 Mo. 525]; and it does not appear that such was the case in this instance. The witness had already stated that she recognized the defendant as the man who choked her and wrenched from her hand her pocketbook which contained the money and check, and no possible harm resulted to defendant by its being again in substance repeated.

It is also urged that defendant should have been permitted to show by this same witness that after she had sworn to the information against defendant and his coindictees in the court of criminal correction, she was almost immediately taken before the grand jury, and that when the case was called for trial in the court of criminal correction she was purposely kept from appearing there, to the end that defendant might be denied his right to a preliminary examination on the original charge, and be denied the right to a speedy trial. We are unable to see the force of this contention, for even though the court of criminal correction had given defendant a preliminary examination and had discharged him, this would not have been any bar to an indictment by the grand jury for the offense. We therefore dismiss this point without further consideration.

A final contention is that the court erred in failing to instruct as to petit larceny. This contention is also without merit. Under the evidence the defendant was clearly guilty

of robbery in the first degree, or guilty of no offense at all, and no error was committed by the court in so instructing and in not instructing for petit larceny.

The judgment should be affirmed, and it is so ordered. GANTT, P. J., and SHERWOOD, J., concur.