[No. 1893]

BART KNIGHT, RELATOR IN PETITION AND APPLICATION FOR WRIT OF PROHIBITION, *v.* THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF ESMERALDA, AND HON. PETER J. SOMERS, JUDGE OF SAID COURT, RESPONDENT.

1. INDICTMENT AND INFORMATION—PRELIMINARY EXAMINATION—BAR.

Under Comp. Laws, 4167, providing that the grand jury has power to inquire into all public offenses committed within the jurisdiction of the court, and to present them either by presentment or indictment, the grand jury is authorized to indict a person accused of crime, notwithstanding the case may be pending on preliminary examination before a justice of the peace.

2. PROHIBITION—JURISDICTION—OTHER REMEDY.

Where the indictment is regular on its face, and the trial court has jurisdiction of the person named in the indictment, the supreme court will not intervene by writ of prohibition; it appearing that relator had another remedy.

ORIGINAL PROCEEDING. Application for writ of prohibition by Bart Knight against the District Court of the Seventh Judicial District, and another. **Writ denied**.

The facts sufficiently appear in the opinion.

*J. Emmitt Walsh* and *Frederick W. Hankey*, for Petitioner:

I.   Section 4167 of the Compiled Laws provides the statutory power of the grand jury. The constitution of the State of Nevada, section 1 of article 6, and section 8, provide that justices of the peace are constitutional officers, and that the legislature "shall fix by law their powers, duties and responsibilities," and that justice courts "shall have such criminal jurisdiction as may be prescribed by law," with certain limitations following. Section 4072 of the Compiled Laws makes a justice of the peace a magistrate, and section 4073, *et seq.*, provides the duties and powers of magistrates upon criminal complaint. We take it that it will be conceded that if upon the filing of a complaint before a magistrate there inure to the person charged any substantial rights, to which he *eo instanti* becomes entitled, any action upon the part of the magistrate, or of any prosecutor, which will, against his consent, deprive him of any of those substantial rights, is illegal.

II.   That a plea in abatement was the proper method of raising the question in the court below, see 12 Cyc. p. 355, and that prohibition is the proper and only remedy here, see *Bell* v. *District Court*, 28 Nev. 280; *Hughes* v. *Parker*, 69 L. R. A. 271.

III.   Under the practice, the intent to which the prohibition of this court may and should extend is, of course, optional with the court.   The petitioner had prayed only for that, which he submits upon the facts and the law he is entitled to.   Abundant reasons and abstract and concrete justice demand it.   The granting of this relief by this tribunal in no wise affects the right of the state or its power to punish or to try any person accused of the crime.   The way of the state is as clear and as open as it was at the time they abandoned the straight path of the law placed before them, and all your petitioner asks is that they get back into the straight path.

*R. C. Stoddard*, Attorney-General, for Respondent, by demurrer:

Now comes the respondent above named and demurs to relator's petition on file herein upon the following grounds, to wit:

I.   That said petition does not state facts sufficient to constitute a cause of action against said respondent or to entitle him to the relief therein prayed for, in this: (*a*) That it does not appear from said petition that relator is without a plain, speedy and adequate remedy at law.   (*b*) That it does not appear from said petition that the respondent has exceeded or threatened to exceed its jurisdiction or is without rightful jurisdiction in the premises.

By the Court, SWEENEY, J.:

This is an application for a peremptory writ of prohibition against the District Court of the Seventh Judicial District of the State of Nevada, in and for Esmeralda County, and Hon. Peter J. Somers, judge of said court, to restrain and prohibit the said respondent from proceeding or taking any further action upon certain indictments pending in said court against the relator, Bart Knight.

It appears from the record that the relator, Bart Knight, together with Jake Hildebrandt, M. J. Smith, and Martin Miller of Goldfield, Nevada, were indicted by the grand jury of said County of Esmeralda for the crime of grand larceny. That prior to said indictments, on the 14th day of February 1910, six complaints were laid before Arthur E. Barnes, justice of the peace in and for Goldfield Township, County of Esmeralda, State of Nevada, charging said above-named parties with the crime of grand larceny. That warrants of arrest were issued for said defendants, and each of them was arrested and taken into custody by virtue of said warrants of arrest, and on the 15th day of February, 1910, said defendants and each of them were arraigned before said justice of the peace at his court-room in Goldfield, and upon motion of the district attorney of Esmeralda County the hearing of said complaints against said defendants was set for the 18th day of February, 1910, at the court-room of said magistrate. That on the 18th day of February, 1910, the relator and his codefendants above named appeared in said magistrate's court ready for, and demanding, hearings and examinations upon the said complaints, and that, after being arraigned, the district attorney refused any hearings or examinations upon said complaints and charges, and submitted charges to the grand jury of Esmeralda County, which was then in session, which said grand jury, on the 24th day of February, 1910, found and returned against said relator and his codefendants true indictments for grand larceny. Thereupon, on the 24th day of February, 1910, the relator was arrested upon a bench warrant issued out of the District Court of the Seventh Judicial District, brought before Hon. Peter J. Somers, judge of said court, and was directed by said court to remain in custody unless said relator entered into a bond, as required by law, in the sum of $3,000, which said bond was duly given, and relator, upon being called before the bar of said court to plead to said indictments, filed a plea in abatement to the said indictments, to which a demurrer was interposed by the district attorney of said county, and sustained by the judge of said court. That relator, upon being called to further plead to said indictments, stood mute. That the judge of said court directed and ordered

a plea of not guilty to be entered against said relator, Bart Knight, and relator maintains and alleges that, unless this writ of prohibition issues, he will be forced to trial upon said indictments by said court.

The contentions of petitioner, as raised by his plea in abatement, and which are interposed in this court in justification of his right to the issuance of the writ prayed for, are as follows: First, that, complaints having been filed before a magistrate, the grand jury was without jurisdiction to investigate the matters involved in those complaints during the pendency, and before the determination of the issue of probable cause before the magistrate, and that the procedure in the State of Nevada, while permitting the presentation of a charge of crime before a grand jury, contemplates and requires that, when an investigation before a magistrate is initiated, it must be concluded, and until it is concluded the grand jury cannot consider it; second, that in the case presented by the petitioner the plea in abatement in the district court discloses that the action of the district attorney and the justice of the peace in not proceeding with the matter vitiates the indictments found by the grand jury, for the reason that they are irregular, and not found in accordance with law.

After a very careful examination of the law cited by counsel in behalf of petitioner, in support of his contentions, and a due consideration of the very able and eloquent appeal in behalf of his client, we are of the opinion that his contentions are not sufficient to warrant this court in intervening in this proceeding by the issuance of a writ of prohibition. While we agree with counsel for petitioner that a person accused of and arrested for crime is entitled to a prompt examination, and that his substantial rights must be protected at all times, and that his examination should not be unnecessarily delayed to suit the accommodation or convenience of the officers of the law, still we are of the opinion that the grand jury are authorized, under the law in this state, to indict a person accused of crime, notwithstanding that the case may be pending on preliminary examination before a justice of the peace. (Comp. Laws, 4167.) The law is well established that the grand jury may investigate and indict one charged with a felony, although

he has been arrested and arraigned for a preliminary examination, and is not bound to await the action of the examining court, for the reason that the action of the examining court is no bar to the right of the grand jury to inquire into the case and indict the accused, even though he has been discharged on the preliminary examination.

The grand jury has unquestioned power to investigate any criminal offense and find an indictment without any previous preliminary examination of the accused; and, even when a preliminary examination of an accused person is pending, the grand jury has full power to make inquiry and find an indictment against such person, notwithstanding such preliminary examination. No matter what the action of the justice of the peace may be in his determination of the preliminary examination, his action cannot relieve the grand jury from their bounden duty, or deprive them of their right to investigate and act upon the charges against the accused, and under no circumstances can an examination before a justice of the peace divest the grand jury of their power to investigate the charge against the accused. (17 Am. & Eng. Ency. Law, 1280; State v. *Whalen*, 148 Mo. 286, 49 S. W. 989; State v. *Gieseke*, 209 Mo. 331, 108 S. W. 525; State v. *Bringer*, 42 La. Ann. 1091, 8 South. 279, 10 L. R. A. 137; State v. *Jeffries*, 210 Mo. 302, 109 S. W. 615; People v. *Horton*, 4 Parker, Cr. R. (N. Y.) 212; People v. *Hafferman*, 5 Parker, Cr. R. (N. Y.) 393.)

The indictment being regular on its face, and the district court having jurisdiction of the person named in the indictment, this court will not intervene by writ of prohibition, as relator appears to have another remedy, even conceding any errors were committed. However, believing as we do, that the plea in abatement was properly overruled, it is not necessary to further consider any of the other points urged in the petition. (*Ex Parte Easton*, 95 U. S. 77, 24 L. Ed. 373; *Fraser* v. *Freelon*, 53 Cal. 644; *Walcott* v. *Wells*, 21 Nev. 47, 9 L. R. A. 59, and notes p. 60, 37 Am. St. Rep. 478; 16 Ency. Pl. & Pr., p. 1128; *Bell* v. *District Court*, 28 Nev. 280, 1 L. R. A. 843, 113 Am. St. Rep. 854.)

The application for the writ is denied.