STATE of Missouri, Respondent,

v.

Richard HERRON, Appellant.

No. 48602.

Supreme Court of Missouri,

Division No. 1.

Oct. 9, 1961.

James E. Spain, Charleston, for appellant.

**938** ■ 

Thomas F. Eagleton, Atty. Gen., Scott O. Wright, Sp. Asst. Atty. Gen., for respondent.

HOLMAN, Commissioner.

Defendant, Richard Herron, was found guilty of the offense of robbery in the first degree and his punishment was fixed by the jury at imprisonment in the penitentiary for a term of 50 years. See Sections 560.-120 and 560.135 (unless otherwise stated all statutory references are to RSMo 1959, V.A.M.S.). He has appealed from the ensuing judgment.

The prosecuting witness, J. C. Happe, resided in Sikeston, Missouri, where he worked as a carpenter. On July 27, 1960, he left his home at about 7:30 a. m. in his Ford pickup truck on a fishing trip to Blue Hole located in the southern part of Mississippi County. In the truck at the time were various items of personal property belonging to Mr. Happe including several boxes of carpenter tools, an electric handsaw, and a .22 rifle. He testified that he stopped at a liquor store and bought a "six-pack" of beer and consumed two cans of the beer on the trip to the fishing hole; that upon arrival at Blue Hole he saw two men and a woman who were later identified as the defendant, his brother Raymond, and Betty Calhoun; that he started fishing about 9 a. m. and by 10:30 had caught six or eight fish and decided to leave; that while he was putting the fishing gear into the truck he engaged in a conversation with the Herrons and Betty Calhoun; that the defendant was standing behind him and just as he opened the door to get into the truck he saw the defendant make a motion and he remembered nothing more until he regained consciousness in the hospital. On cross-examination Mr. Happe denied having drunk any whiskey that morning or any other liquor except the two cans of beer.

Mr. Happe was discovered by Dwight Ray at about 5:30 p. m. At the time he was found his arms had been tied with a belt, and a sock had apparently been tied over his mouth but had slipped down onto his neck. He had blood all over his face and "was hollering for help." Dwight and his companions took Mr. Happe to a nearby store and within a short time he was taken by ambulance to the hospital in Sikeston where he was examined by Dr. Max Heeb. Dr. Heeb found that Mr. Happe had a bad cut on the back of his head and the skull had been crushed. He was losing brain fluid and it was the opinion of Dr. Heeb that he should have an immediate brain operation in order to have any chance for survival. He was accordingly transferred to Barnes Hospital in St. Louis where an operation was performed by a brain surgeon.

James Albert Hearn testified that he was in the vicinity of Blue Hole fishing hole on July 27, 1960; that he was sitting in a car and saw the defendant, Mr. Happe, and Betty Calhoun go up a path around Blue Hole; that later defendant came back and got his brother Raymond; that shortly thereafter defendant, Raymond, and Betty came back "walking fast," and the defendant drove away in the Ford pickup truck while Raymond and Betty got in their car and drove away.

One of the items on Mr. Happe's truck was an electric handsaw. Mr. J. D. Adkins, Jr., who worked in a store in New Madrid, Missouri, testified that he bought an electric saw (later identified as belonging to Mr. Happe) for $10 from Raymond Herron; that the defendant and a woman were present at the time.

Mr. Happe's truck was discovered on July 28 by a highway patrolman about five miles east of New Madrid. Mr. Happe's tool chest was recovered at the time Raymond and Betty were arrested in Caruthersville on July 28. Defendant was arrested in Blytheville, Arkansas, on August 21. Shortly after defendant was arrested and returned to Charleston, Missouri, he was interrogated by the officers and made a statement which was reduced to writing and signed by him. This statement was read in

evidence without objection on the part of the defendant. It is quite long and will not be set out herein. It is sufficient to recite that the defendant therein stated that Mr. Happe was drinking with them on the occasion in question and after Raymond and Betty had repeatedly urged him to do so, he struck Mr. Happe with a piece of pole which weighed about three or four pounds; that Raymond and Betty then went through his pockets looking for "loot" and defendant got in the truck and drove it away.

The defendant's case consisted of his own testimony. He testified that he was at Blue Hole with his brother and Betty at the time Mr. Happe arrived; that Mr. Happe began drinking with them and purchased more whiskey from a nearby bootlegger; that the defendant was lying drunk on a pallet when Betty and Raymond and Mr. Happe went over the hill; that a little later Raymond and Betty came back and got in the car and left; that he then got in Mr. Happe's truck and followed them; that he drove the truck only two or three miles and parked it; that he left the area where the truck was parked with James H. Herron and "Bulldog" Fipps and went to East Prairie. Defendant denied that he hit Mr. Happe or took any of his property except for driving the truck a few miles.

Mr. Happe testified that he had a 17-jewel gold watch which disappeared on the occasion in question. On cross-examination defendant admitted that he was with Raymond and Betty when they sold the saw in New Madrid, and was with them when they sold the watch but did not know that it was Mr. Happe's watch.

■ Defendant has filed no brief in this court and hence we will examine the assignments contained in this motion for new trial. One of those assignments is that the court erred in overruling defendant's motion for judgment of acquittal filed at the close of all the evidence. That motion alleged that the evidence was insufficient to support a submission of the offense charged. In considering this contention

we note that Section 560.120 provides that the offense of robbery may be committed by the taking of the property of another "by violence to his person, or by putting him in fear of some immediate injury to his person." The charge and submission in this case was that defendant committed the robbery by force and violence to the person of J. C. Happe. There was ample evidence to support that submission. Our statement of facts herein clearly shows that the jury could reasonably have found that certain items of property belonging to the prosecuting witness were taken from him by defendant and his associates after he had been incapacitated as the result of being struck on the head with a stick of wood or some similar instrumentality used by the defendant.

■ Defendant also contends that the information "is insufficient and incomprehensible and fails to state an offense." We note from a photostatic copy of the information that it was prepared by use of a printed form and contains some words which are not apropos to the charge. However, it does charge that defendant unlawfully and feloniously made an assault upon J. C. Happe and by force and violence to the person of said Happe and against his will did rob, steal, take and carry away certain property therein specified. It contains all of the essential elements of robbery in the first degree and sufficiently charges the offense. Section 560.120; State v. Hood, Mo.Sup., 313 S.W.2d 661.

■ Another point raised in the motion is that "the verdict is excessive and so excessive as to show that it is the result of bias and prejudice on the part of the jury." The punishment for robbery in the first degree (absent the use of a dangerous and deadly weapon) is imprisonment in the penitentiary for any term not less than five years. See Section 560.135. The period of imprisonment specified in the verdict was within the limits prescribed by the statute and was not excessive. The fact that the jury fixed the defendant's punishment at

imprisonment for a period of 50 years is no indication that it was biased and prejudiced against him. This contention is accordingly overruled.

■ The assignment that the "verdict is against the evidence and against the weight of the evidence" has been repeatedly held to be too general and therefore insufficient to preserve anything for review. State v. Nord, Mo.Sup., 286 S.W.2d 775.

■■ The next contention in the motion for new trial is that "the court erred in failing to instruct on the offense of larceny although there was sufficient evidence from which the jury could have found that the defendant was only guilty of larceny." Our statutes relating to grand larceny, petit larceny, and larceny of a motor vehicle (Sections 560.155, 560.240, and 560.165 RSMo 1949, V.A.M.S.) were repealed in 1955. Laws 1955, p. 507, Section A. We will therefore assume that defendant intended to complain of a failure to instruct on the offense of "stealing" as defined and created in Section 560.156. Defendant did not request any instruction on larceny or stealing but if there was substantial evidence to support such a submission the court was required to give such an instruction whether requested or not. Section 546.070(4); State v. Whitley, 327 Mo. 226, 36 S.W.2d 937. It will be noted that defendant does not point to the evidence which he contends would have warranted the jury in finding that he was guilty "only" of the offense of stealing. We have carefully reviewed the testimony and find that all of the evidence presented by the State indicates that the property taken was obtained as a result of force and violence to the person of J. C. Happe.

The only evidence which might conceivably support a submission of the offense of stealing was contained in the testimony of defendant. He denied the commission of the offense charged either personally or in conspiracy with Raymond and Betty. He testified, however, that after Raymond and Betty drove away from Blue Hole he got in Mr. Happe's truck (presumably still containing the personal property heretofore mentioned) and followed them. He testified further, however, as follows:

"Q. What purpose did you have in getting in his truck? A. I was getting away from there to catch them so I could go on home.

"Q. How far did you drive this truck? A. It wasn't too far from there, down maybe two or three miles.

"Q. What happened then? A. I parked it and got out of it. * * *

"Q. Did you take anything from Mr. Happe? A. No, sir."

We have concluded that the trial court did not err in failing to instruct upon the offense of stealing. "It is elementary that a criminal intent is the principal element of the offense of larceny." State v. Lasky, Mo.Sup., 133 S.W.2d 334, 336. Section 560.156(2) specifically provides that "it shall be unlawful for any person to *intentionally* steal the property of another * * *." (Emphasis added.) It is our view that under the particular facts and circumstances of this case the evidence relating to the defendant's intent to steal was not such as would have supported a submission of that issue as an element of the offense of stealing. We recognize that under many circumstances an intent to steal may be reasonably inferred from the unauthorized act of taking possession of the chattel of another. However, since defendant testified that he merely drove the truck a short distance as a means of temporary transportation, and took nothing from Mr. Happe, he cannot now contend that the jury could have inferred an intent to steal from the testimony that he drove the truck away. See State v. Wright, 352 Mo. 66, 175 S.W.2d 866. If the evidence offered by the State was true defendant was guilty of first degree robbery. If defendant's testimony was true he was not guilty of either the offense of robbery or

stealing. State v. Lasky, supra. Defendant's testimony might have supported a submission of driving a motor vehicle without the permission of the owner in violation of Section 560.175, subd. 1, but there is no contention that the elements of that offense were included within the allegations of the information herein or that the court should have instructed thereon.

Instruction No. 1 submitted the offense of robbery in the first degree by means of a dangerous and deadly weapon. A number of the assignments relate to alleged errors in that instruction. However, defendant was not convicted of that offense but was found guilty of robbery in the first degree (without mention of the use of a deadly weapon) which was submitted in Instruction No. 2. It therefore appears that defendant was not prejudiced by Instruction No. 1 and we need not determine the contentions of error in regard thereto. State v. Swiney, Mo.Sup., 296 S.W.2d 112.

Defendant complains of Instruction No. 2 in a number of respects. It is first said to be erroneous because it permitted the jury to find defendant guilty "even though they might find that the defendant did not use a dangerous and deadly weapon." The instruction undoubtedly permitted the jury to find defendant guilty of first degree robbery without any finding that a deadly weapon was used but such was proper. It submitted a lower grade of the offense than was charged in the information and submitted in Instruction No. 1. This submission was probably required by the evidence but in any event it was favorable to defendant and would not be a ground for reversal.

The instruction is also said to be too broad because it permitted a finding that the offense had been committed "on or about the 27th day of July 1960, or at any time within three years before the filing of the information." All of the witnesses, including defendant, testified that the events in question occurred on July 27, 1960. The inclusion of the phrase permitting a finding that the crime had been committed at any time within the limitation period of three years is not considered erroneous except in certain cases where the defendant has sought to establish an alibi. Under the circumstances of this case the phrase complained of could not have been prejudicial to defendant and hence did not constitute reversible error. State v. Childers, Mo.Sup., 268 S.W.2d 858.

The next contention of error in regard to Instruction No. 2 is that it did not "require the jury to make a finding that the property taken was the property of J. C. Happe but assumes that the property in evidence was the property of J. C. Happe." The instruction required the jury to find that defendant did "unlawfully and feloniously take from the witness J. C. Happe, any of the property mentioned in the evidence of any value whatever, the property of the witness, J. C. Happe * * *." We have concluded that we need not determine whether the instruction required a finding that the property mentioned in evidence was the property of J. C. Happe or assumed that fact. This for the reason that there was no dispute concerning Mr. Happe's ownership of the property and such was established by uncontroverted testimony. This court has heretofore stated that "there are numerous cases holding it is not reversible error to assume the existence of a fact which has been clearly proven and is undisputed." State v. Reynolds, 345 Mo. 79, 131 S.W.2d 552, 556. Therefore, even if it be assumed that the instruction assumed that Mr. Happe was the owner of the property, we are of the opinion that it would not be reversible error under the facts and circumstances of this case.

Defendant has also raised the point that the evidence was not sufficient to support the giving of Instruction No. 2 which submitted the offense of robbery in the first degree. Since we have heretofore ruled that the State made a submissible case of

robbery in the first degree it is obvious that this contention is without merit.

The next assignment in the motion for new trial is that "the court erred in the giving of instruction number 3 in that said instruction does not properly state the law, is repetitious and constitutes a lecture to the jury in that it places undue emphasis on the meaning of the term 'reasonable doubt.'" The instruction complained of related to the presumption of defendant's innocence and the burden of proof. A similar complaint against a substantially identical instruction was ruled adversely to the defendant by this court in State v. Stogsdill, 324 Mo. 105, 23 S.W.2d 22. Many other cases have approved very similar instructions. See State v. Turner, Mo.Sup., 320 S.W.2d 579, and State v. Jackson, Mo.Sup., 338 S.W.2d 848. The contention is accordingly overruled.

The final assignment in the motion is that "the court erred in the giving of Instruction Number 7 in that said instruction constitutes a lecture to the jury." The instruction complained of is one on credibility of witnesses. It will be noted that defendant does not point to any portions of the instruction which are alleged to be erroneous or that should have been omitted. He merely says it constitutes a lecture to the jury. That assignment is too general and indefinite to preserve anything for review. State v. Mayberry, Mo.Sup., 272 S.W.2d 236; State v. Francies, Mo.Sup., 295 S.W.2d 8.

An examination of the record as required by S.C. Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.