**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Melvin JOHNSON, Defendant-Appellant.**

**No. 38750.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Nov. 29, 1977.

Robert C. Babione, Public Defender, Joseph Webb, Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

REINHARD, Judge.

Defendant was found guilty of robbery in the first degree, and was sentenced under the Second Offender Act to imprisonment for ten years. §§ 560.120, 560.135, RSMo 1969.

The trial court instructed on robbery in the first degree, requiring the jury to find that defendant acted either alone "or knowingly and with common purpose together with another * * *." The court also submitted Instruction No. 5, which was MAI–CR 2.10, "General Responsibility for the Conduct of Others", and refused defendant's requested instruction on stealing from the person.

The victim, Mark Smith, testified he entered Fry's Drug Store in the City of St. Louis to cash a check and to purchase several money orders. While there he observed two individuals, later identified as defendant and Freddie McCray, looking at valentine cards. After purchasing the money orders he placed them in the inside pocket of his coat and the cash in his pants pocket. He left the store and walked about a block and a half. While pausing to secure a

better hold on the groceries he was carrying, the defendant approached him. Smith was struck from behind, knocked down, and almost simultaneously defendant took the money from his pants pocket. McCray then removed the money orders from his coat pocket.

Defendant testified he had known McCray for twenty years. According to defendant, on the evening of the robbery, McCray picked up defendant and his fiancee and drove them to the drug store. While looking at valentine cards, they saw Smith purchase his money orders. As the defendant was paying for his valentines, McCray whispered to him that he was "going to stick up that old man, * * *." McCray left the store, a few steps ahead of defendant. Defendant stopped at the car, gave the valentines to his girl friend, and pursued McCray in an "attempt to stop him from robbing the old man, * * *." As defendant approached, Smith turned and faced him. McCray stood on the victim's opposite side and struck him from behind. The old man fell down, shaking violently. McCray said: " 'Where all your money at' ", and then bent down and snatched the money orders and money from Smith. Defendant told McCray to " 'Give the man his money back.' "

■ Defendant does not challenge the sufficiency of the evidence as to the conviction of robbery, and as his sole grounds for reversal cites the failure of the court to give an instruction on stealing from the person. Defendant's motion for new trial asserts that the court erred in refusing defendant's Instruction "A" (stealing from the person), but fails to specify any facts in evidence supporting such submission. The assignment does not properly preserve the point for review. Rule 27.20(a); *State v. Sanders*, 541 S.W.2d 530 (Mo. banc 1976); *State v. Schulten*, 529 S.W.2d 432 (Mo.App. 1975).

■ Rule 27.20(c) provides: "Plain errors affecting substantial rights may be considered on motion for new trial or on appeal, in the discretion of the court, though not raised in the trial court or preserved for review, or defectively raised or

preserved, when the court deems that manifest injustice or miscarriage of justice has resulted therefrom."

Initially, we note that § 546.070(4), RSMo 1969, requires the court to instruct the jury on "all questions of law arising in the case which are necessary for their information in giving their verdict; * * *." Generally, "instructional error is not 'plain error' unless the trial court has so misdirected or failed to instruct the jury on the law of the case as to cause manifest injustice, * *." *State v. Harley*, 543 S.W.2d 288, 292 (Mo. App.1976), *citing State v. Bridges*, 491 S.W.2d 543, 547 (Mo.1973); *State v. Auger*, 434 S.W.2d 1, 4 (Mo.1968); *State v. Murphy*, 533 S.W.2d 716, 718 (Mo.App.1976). The facts and circumstances of each case must be reviewed on a case-to-case basis to determine plain error. *State v. Patterson*, 443 S.W.2d 104, 107 (Mo. banc 1969).

Defendant contends he was entitled to the stealing-from-the-person instruction since no evidence was presented from which the jury could find he used force or violence in the commission of the crime, whereas there was evidence presented from which the jury could find defendant was not acting with another.

■ Defendant correctly states that if there is substantial evidence the taking was accomplished without violence or putting in fear, an instruction submitting the lesser offense of stealing from the person, rather than robbery, must be given. *State v. Adams*, 406 S.W.2d 608 (Mo.1966). In this case, the theory of the state was that defendant acted in concert with another in committing the robbery. This court, in *State v. Johnson*, 510 S.W.2d 485, 489 (Mo. App.1974), held:

"Presence, companionship and conduct before and after the offense are circumstances from which a defendant's participation in the criminal intent may be inferred. * * * Moreover, evidence fairly showing any form of affirmative participation in a crime is sufficient to support a conviction and it is not necessary that the defendant personally have done each one of the elements of the crime."

■ The defendant relies on a series of cases wherein the defendant was found guilty of robbery while acting with another, and wherein the court reversed for failure to instruct on the lesser offense of stealing.[1] The evidence presented in those cases distinguishes them from the case before us. The defendant admits being with McCray before and during the robbery. The defendant testified that McCray in his presence committed acts which constituted the offense of robbery in the first degree.

If the evidence offered by the state is true, defendant was guilty of first degree robbery. If defendant's testimony was true, he was not guilty of either the offense of robbery or stealing. *State v. Herron*, 349 S.W.2d 936 (Mo.1961).

We cannot find that the failure to instruct the jury on stealing from the person has resulted in "manifest injustice or miscarriage of justice", and hence there was no plain error under Rule 27.20(c).

Judgment affirmed.

McMILLIAN, P. J., and STEWART, J., concur.

---

1. Among those cases cited are: *State v. Rust*, 468 S.W.2d 205 (Mo.1971); *State v. Adams*, 406 S.W.2d 608 (Mo.1966); *State v. Lasson*, 292 Mo. 155, 238 S.W. 101 (1922).