**STATE of Missouri, Respondent,**

v.

**Darryl Erwin YOUNG, Appellant.**

**No. WD 30668.**

Missouri Court of Appeals,
Western District.

March 3, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 7, 1980.

Application to Transfer Denied
May 13, 1980.

R. Lin Alexander, A. Lamkin James Law Office, Marshall, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Earl W. Brown, III, Asst. Atty. Gen., Kansas City, for respondent.

Before WASSERSTROM, C. J., Presiding, and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a judgment of conviction by a jury for the offense of robbery in the first degree. The jury affixed punishment at six years in the Missouri Department of Corrections. This appeal followed the timely filing and overruling of a motion for new trial. The judgment is affirmed.

In his brief, appellant alleges five points of error. He alleges (1) the trial court erred in overruling his pretrial motion to dismiss the charges against him for the reason there was no probable cause supporting the arrest; (2) the verdict is against the weight of the evidence and the verdict is not supported by substantial justice as against the law under the evidence; (3) the verdict is the result of "passion and sympathy", and is therefore the result of bias and prejudice in that the jury could not have returned its verdict because of the varying testimony between the state's key witness and the balance of the evidence; (4) the trial court erred in admitting into evidence the in-court identification of appellant because the identification was tainted and (5) the trial court erred in failing to instruct the jury on the lesser included offense of stealing.

This court, by an order dated May 17, 1979, struck appellant's points two and three for failure to comply with Rule 84.04 and the rule of *Thummel v. King*, 570 S.W.2d 679 (Mo.banc 1978). This opinion therefore addresses itself to the disposition of appellant's remaining alleged errors.

■ The state contends correctly that point one raised by appellant violates Rule 84.04 and is made applicable through Rule 28.18. It contends the first point was not preserved for review because appellant failed to include this point within his motion for new trial. The state refers the court to *Thummel v. King, supra*, and *State v. Thompson*, 539 S.W.2d 647 (Mo.App. 1976). Appellant's first contention and point one is ruled against him upon failure to preserve said point under the rules. Plain error is not alleged by appellant, and the record herein reflects no manifest injustice invoking the plain error rule.

■ For his fourth point of error, appellant charges the trial court erred in permitting the in-court identification of appellant by the state's main witness, William King, because such identification was blatantly tainted. A brief reference to the facts is necessary to address this point.

William King, assistant manager of the I.G.A. store in Marshall, Missouri, testified that at about 7:30 p. m. on March 11, 1978, he was in the store office counting the day's receipts. He observed appellant approach the counter area of the office. Appellant was holding a "government type envelope". He stated that appellant then pointed a gun at him and demanded all the money. He further testified that he was able to observe appellant's face, even though appellant was

wearing a short-billed cap with side flaps. He handed over the money to the robber. He testified that at this time he (King) was scared. The robber left the store. Two other employees gave testimony, but neither of them was able to positively identify appellant.

Two days after the robbery, an officer for the Marshall City Police Department presented to King an array of photographs. King independently selected the photo of appellant from this group of photos. There is no evidence to support appellant's contention that any suggestion was made by the police officer regarding the selection of appellant's photo.

Appellant was arrested on this charge on or about May 12, 1978. On this same day, he was placed in a police lineup along with other males. From this lineup, witness King identified appellant. King testified that his identification of appellant from the police lineup was independent of the previously shown photos. There is no evidence to support appellant's contention that the victim's identification of appellant from the police lineup was tainted.

■ Appellant argues that his rights to counsel were violated because he was required to participate in the police lineup. On this question, he cites *U. S. v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

At the time of the police lineup, no information or indictment stood against appellant. The proceedings involving the lineup were preindictment or preinformation proceedings. Such cases involving the preliminary investigatory stages do not fall within the rule of *U. S. v. Wade, supra*. Moreover, preindictment or preinformation proceedings do not impart a guarantee of right to counsel as contended by appellant, see *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972) and *Morris v. State*, 532 S.W.2d 455 (Mo.banc 1976).

The evidence reveals that witness King had seen appellant on occasion prior to the robbery. There being nothing contained in the evidence to even intimate, let alone

establish, that the identification by photo and by police lineup was anything other than a freely independent selection made by the victim witness, it must follow that the court did not err in permitting this same witness to make an in-court identification of appellant.

Point four is ruled against appellant.

■ Appellant's final contention alleges the court erred in refusing to give appellant's proffered instruction on the lesser included offense of stealing. Appellant is in violation of Rule 84.04(e) on this particular point because he failed to set forth this particular instruction, and the instruction was not set forth in his motion for new trial.

■ The procedural defect aside, appellant was not entitled to an instruction on the lesser included offense of stealing. Appellant offered an instruction on stealing, which the court refused to give. The evidence by the state supported the offense of robbery. Defense evidence was alibi and that the appellant committed no crime at all.

■ The offense of robbery is the felonious taking of the property of another from his person or in his presence and against his will, either by violence or by putting him in fear of some immediate injury to his person. The offense of stealing does not contain the requisite elements of violence.

■ For an instruction on a lesser and included offense to be given, there must be evidence to support such offense, see *State v. Lane*, 537 S.W.2d 569, 570 (Mo.App.1976). See also *State v. Long*, 539 S.W.2d 592 (Mo.App.1976) wherein the court concluded, at 595:

"Concerning the refused instruction on stealing from a person, it has long been held that the court need not instruct on such offense if the evidence is sufficient to make a submissible case on the charge of first degree robbery with a dangerous and deadly weapon, [citing] *State v. Gideon*, 453 S.W.2d 938, 940[10] (Mo.1970); *State v. Keeney*, 425 S.W.2d 85, 89[4] (Mo.1968). Under the evidence defend-

ant was clearly guilty of robbery in the first degree or guilty of no offense at all. Alibi was the only defense. Appellant's proffered instruction was properly refused, [citing] *State v. Whalen*, 148 Mo. 286, 49 S.W. 989, 990[3] (1899); *State v. Thompson*, 299 S.W.2d 468, 474[16] (Mo. 1957)."

The case of *State v. Long, supra*, is squarely dispositive of appellant's final contention and point five is ruled against him.

The evidence herein supports the judgment reached by the jury and because no error was found upon the trial of this matter, the judgment is in all respects affirmed.

All concur.