**STATE of Missouri, Respondent,**

v.

**Sylvester SCRUGGS, Appellant.**

**No. 41114.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 11, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 18, 1980.

Application to Transfer Denied
June 10, 1980.

Robert C. Babione, Public Defender, J. Lawrence Clark, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Conviction by a jury of robbery first degree. The trial court assessed punishment at seven years. We affirm.

On March 23, 1978, Jean McGill and her uncle, Daniel O'Connor went to the Kroger Store on Lindell in St. Louis, Missouri, to shop. When they completed their shopping, they returned to their car on the parking lot. As they were putting their groceries in the trunk, two men (one short and one tall) came up behind them. The shorter man, later identified by Ms. McGill as the defendant, showed them that he had something in his hand. He said it was a knife and that his companion had a gun. Defendant told Ms. McGill that they wanted her purse and her uncle's wallet. Ms. McGill responded that her uncle did not carry a wallet but told defendant, "Here's my purse." Defendant took the purse and he and his companion left.

A security guard, employed by Kroger, had been observing the incident and saw defendant pull the purse from Ms. McGill's arm. He pursued and caught defendant who had thrown the purse to his companion. Defendant did not have a knife at the time he was apprehended. Neither was the tall man apprehended, nor was Ms. McGill's purse recovered. The security guard brought defendant over to Ms. McGill and she identified him as the man who had robbed her. Her uncle, Daniel O'Connor, was unable to identify defendant. Defendant did not present any evidence at the trial.

Defendant contends the trial court erred in not allowing his lawyer to argue that an adverse inference against the state could be drawn from the fact that the uncle, Daniel

O'Connor, who was present at the scene of the crime, did not testify. The defendant contends that from O'Connor's absence one can infer his testimony would have been unfavorable to the state. O'Connor had been endorsed as a witness for the state.

When a witness is more available to one party, including the state, than to another, and the witness might reasonably be expected to give testimony in that party's favor, an unfavorable inference may be drawn from a failure to produce the witness. Such inference is not permissible where the testimony of the uncalled witness would be cumulative. *State v. Brooks*, 567 S.W.2d 348, 351[4–5] (Mo.App.1978). The original reasons for the inference rule have been largely eliminated by the availability of discovery to both sides. The trial court must be given great discretion in determining from the facts if the inference is proper. *State v. Ganaway*, 556 S.W.2d 67, 69[3] (Mo. App.1977).

Mr. O'Connor was 85 years of age and infirm. His niece testified that she did not believe that he knew what was going on. The security guard testified to the same effect. Defendant could have interviewed or deposed O'Connor and determined the exact nature of his knowledge and expected testimony. The trial court did not abuse its discretion.

Defendant also contends that the trial court erred in failing to give his offered instruction on stealing from a person. There is little question that the evidence shows all the elements of robbery in the first degree. The defendant stated that he had a knife and his companion had a gun. The victim believed defendant. She feared for her safety. The defendant and his cohort took the victim's purse. Nevertheless, if there was substantial evidence that the taking was accomplished without violence or putting Ms. McGill in fear, an instruction on the lesser included offense of stealing from a person must also be given. *State v. Herron*, 349 S.W.2d 936, 940[5] (Mo.1961).

Was there substantial evidence that defendant took the purse without violence or putting the victim in fear? We have reviewed the transcript and we think not.

Ms. McGill's version of the incident clearly shows a case of robbery in the first degree. The security guard at the scene, the only other eyewitness to testify, confirmed Ms. McGill's version. While he testified to the actual grabbing of the purse and did not testify as to any threats which put Ms. McGill in fear, he was evidently not in a position to hear any. His testimony does not require the giving of the stealing from a person instruction. Accordingly, the trial court committed no error in refusing the proffered instruction. *State v. Herron, supra* at 940–41[6]; *State v. Thompson*, 588 S.W.2d 36, 39[11] (Mo.App.1979); *State v. Johnson*, 559 S.W.2d 756, 759[5] (Mo.App. 1977).

Additionally, the defendant has failed to preserve this point since his motion for a new trial does not specify any facts in evidence supporting such submission. *State v. Johnson, supra* at 758[1]. We rule this point against defendant.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.