**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Cortez HOLMES, Defendant-Appellant.**

**No. 41060.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 20, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 13, 1981.

Leslie D. Edwards, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Jan Bond, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

Appellant was convicted of three counts of first degree robbery, § 560.120, RSMo 1969, and three counts of armed criminal action, § 559.225, RSMo Supp.1976, upon jury verdicts. He was sentenced to a total of 30 years' imprisonment, consecutive ten year sentences upon two of the robbery convictions and one of the armed criminal action convictions and concurrent ten year sentences upon one of the robbery convictions and two of the armed criminal action convictions.

Appellant relies on two points in his appeal. In his first point he charges the trial court erred in failing to instruct the jury upon the offense of stealing under $50 as a lesser included offense of the robbery charges. This point is ruled against appellant. In his second point appellant challenges his convictions of armed criminal action as violative of federal and state constitutional prohibitions against double jeopardy. Appellant's second point has merit, and his armed criminal action convictions are reversed, thus reducing his sentence to a total of 20 years' imprisonment.

In support of the charges against appellant, the state introduced evidence given by the three robbery victims, a witness to the robbery who pursued the robbers and co-defendant Herron. The testimony of these witnesses was that the three victims were robbed at approximately 10:45 p. m. as they were walking to their vehicle after leaving the Voyager Lounge in St. Louis. Initially, appellant's co-defendant Bailey asked the victims for money, but the victims proceeded toward their vehicle. Appellant emerged from a vehicle, aimed a sawed-off shotgun at Pamela Bates, announced a robbery, and took Ms. Bates' watch and purse and the purse of one of Ms. Bates' compan-

ions, Vicki Mullen. While appellant was taking property from Ms. Bates and Ms. Mullen at gunpoint, appellant's co-defendant Bailey aimed a pistol at the third companion, Angela McCoy, and took Ms. McCoy's purse. Appellant and co-defendant Bailey then exited in a vehicle driven by co-defendant Herron. The vehicle was pursued by a witness to the robbery who recorded the license number of the vehicle. Appellant fired a shotgun at the pursuer who then abated his pursuit.

Police arrested appellant and his co-defendants at the residence of co-defendant Bailey shortly after the robbery. The police testified they seized a sawed-off shotgun, revolver and the purses containing personal belongings of the three robbery victims. The robbery victims identified the co-defendants as the participants in the robbery approximately 15 minutes after the robbery at co-defendant Bailey's residence.

A gunshot residue examination of appellant's hand proved inconclusive. Appellant's defense was alibi. The jury did not believe his alibi testimony and it would serve no purpose to relate it here because no error was charged in connection with the alibi.

■ Appellant's first point relied on charges error by the trial court in failing to instruct the jury on stealing under $50 as a lesser included offense of robbery. Appellant neither requested this instruction at trial nor did he raise this issue in his motion for a new trial. Therefore, appellant has not preserved this point for appellate review and can prevail only if the failure to instruct upon stealing under $50 was plain error affecting substantial rights and causing manifest injustice or miscarriage of justice. Rule 27.20(c).[1] *State v. Scruggs*, 598 S.W.2d 501, 503 (Mo.App.1980); *State v. Kuhrts*, 571 S.W.2d 709, 716[16] (Mo.App. 1978); *State v. Johnson*, 559 S.W.2d 756, 758[2] (Mo.App.1977).

■ As appellant has argued, the offense of stealing is a lesser included offense

1. Replaced by Rule 29.12(b) effective January 1, 1980.

of robbery first degree. *State v. Littlefield,* 594 S.W.2d 939 (Mo. banc 1980) (stealing over or under $50); *State v. Scruggs, supra,* 503[3] (stealing from a person). However, a defendant is entitled to an instruction upon the lesser offense of stealing only if evidence has been introduced to support the submission. *State v. Scruggs, supra; State v. Young,* 597 S.W.2d 223, 225[7] (Mo.App. 1980); *State v. Johnson, supra,* 758–759[4–5]. Appellant has not cited any evidence which would support submission of a stealing instruction. The state's evidence would support a first degree robbery submission. Defense evidence was alibi and that appellant committed no crime at all, not that appellant took property without violence or the fear of violence. A stealing instruction is not required given these facts. *State v. Young, supra,* 225–226[4–7].

There was no manifest injustice or miscarriage of justice which would require reversal because of plain error under Rule 27.20.

■ Appellant's remaining point relied on, in which he alleges that convictions of armed criminal action violated constitutional prohibitions against double jeopardy, is controlled by *Sours v. State,* 603 S.W.2d 592 (Mo. banc 1980), and is ruled favorably to appellant.

Appellant's armed criminal action convictions are reversed. In all other respects, the judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.