STATE of Missouri, Respondent,

v.

Eddie R. DANIELS, Appellant.

No. 42535.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 29, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 19, 1982.

Application to Transfer Denied
May 17, 1982.

William J. Shaw, Public Defender, William J. Aylward, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Presiding Judge.

Defendant appeals from his conviction of first degree robbery under § 560.120 RSMo. 1969. A jury found him guilty and he was sentenced by the court under the Second Offender Act, § 556.280 RSMo.1969 to a term of seven years. We affirm.

The sufficiency of the evidence is not at issue. It is enough to say that a man identified as defendant stole the purse of the victim, and in doing so caused her to fall and dragged her a few feet, causing her injury.

Defendant was convicted of robbery in the first degree, defined in § 560.120 RSMo. 1969 as "feloniously taking the property of another from his person, or in his presence, and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person . . . ."

On appeal defendant first contends the court erred in failing to instruct on the offense of stealing from the person, under §§ 560.156, 560.161 RSMo.1969. We agree that if substantial evidence appears in the record that the purse was taken without violence or putting the victim in fear, then the court should have instructed on the lesser offense of stealing, in addition to the greater offense of robbery. State v. Adams, 406 S.W.2d 608, 610 (Mo.1966); State v. Johnson, 559 S.W.2d 756, 758 (Mo.App. 1977). Defendant points to no evidence supporting an instruction for stealing from the person. The record reveals none.

The victim testified that as she was returning to her car from the First State Bank of Wellston she felt something fall on her shoulder and she fell to the ground. She saw a man with his arm through the shoulder strap of her purse. She was dragged a few feet before the man pulled the purse loose. The victim sustained injuries as a result of the robbery and was unable to walk for six weeks. Other witnesses for the state generally supported the victim's version. No other witness testified to having seen the robbery occur. Defendant did not testify, but his witnesses provided an alibi defense.

Hence only one version of the robbery appears in the record: that the man who took the purse, by doing so, pulled the victim to the ground and dragged her. This is sufficient to satisfy the requirement of § 560.120 that the taking occur by violence. State v. Adams, 406 S.W.2d at 611. There is no version of the story which does not include this violence. If defendant's witnesses are believed, defendant was not there. The jury chose not to believe them.

There being no substantial evidence to support the giving of an instruction on the lesser offense, failure to do so was not error. See State v. Holmes, 613 S.W.2d 664 (Mo.App.1981); State v. Nylon, 563 S.W.2d 540 (Mo.App.1978).

Defendant's second point is that the court erred in permitting the assistant prosecuting attorney to argue that defendant's witnesses were lying and to argue her personal opinion as to defendant's guilt. Defendant did not object at trial, but asks us to consider this point under the Plain Error Rule, Rule 30.20.

We have reviewed the record and find that the prosecutor's argument was permissible and did not overstep the bounds of proper argument. The prosecuting attorney may argue the state's viewpoint on the credibility of defendant's witnesses. State v. Woods, 346 Mo. 538, 142 S.W.2d 87, 90 (1940); State v. Griggs, 445 S.W.2d 633, 636 (Mo.1969). No unbecoming names or personal invectives were used. The comment challenged as personal opinion was

simply an opinion that the evidence supported a finding of guilt. No "manifest injustice" occurred.

Judgment affirmed.

SNYDER and CRIST, JJ., concur.